## PRICE v. PANKHURST et al.

### (Circuit Court of Appeals, Eighth Circuit.  November 14, 1892.)

### No. 135.

**APPEAL—GENERAL EXCEPTION TO CHARGE—CIRCUIT COURT OF APPEALS.**
Under rule 10 of the circuit court of appeals, (47 Fed. Rep. vi., 1 C. C. A. xiv.,) which requires a party excepting to a charge to the jury "to state distinctly the several matters of law in such charge to which he excepts," and provides that those matters only "shall be inserted in the bill of exceptions and allowed," an exception to "the whole of said instruction, and to each and every part thereof," cannot be sustained, if any of the propositions of law contained in such charge are sound.

In Error to the Circuit Court of the United States for the District of Colorado.

At Law.  Action by Theodore Pankhurst and Frederick C. Schroeder against Thomas D. Price, to recover possession of a portion of a certain mining claim.  Verdict and judgment for plaintiffs.  Defendant brings error.  Affirmed.

Henry W. Hobson and Henry M. Teller, (Pattison, Edsall & Hobson and Willard Teller, on the brief,) for plaintiff in error.

R. S. Morrison and Samuel W. Jones, for defendants in error.

Before CALDWELL and SANBORN, Circuit Judges, and SHIRAS, District Judge.

CALDWELL, Circuit Judge.  This action was brought to recover the possession of a portion of the "Puzzle" lode mining claim.  There were a verdict and judgment below for the plaintiffs, and the defendant sued out this writ of error.  The only assignments of error relied on are based on the charge of the court to the jury.  The charge covers five closely printed pages in the record, and deals with the law and facts of the case applicable to the varying claims of the parties.

The bill of exceptions, after reciting the whole charge, concludes as follows: "To the giving of which said instruction the defendant specially objects and excepts, and prays that his exception be duly noted of record; said exception being to the whole of said instruction, and to each and every part thereof." The charge contains several propositions of law, some of which are undoubtedly sound. The rule is well settled that, if the entire charge is excepted to in gross, and any portion of it is sound, the exception cannot be sustained. Beaver v. Taylor, 93 U. S. 46; Lincoln v. Claflin, 7 Wall. 132; Cooper v. Schlesinger, 111 U. S. 148, 4 Sup. Ct. Rep. 360; Burton v. Ferry Co., 114 U. S. 474, 5 Sup. Ct. Rep. 960; Rogers v. Marshal, 1 Wall. 647; Moulor v. Insurance Co., 111 U. S. 337, 4 Sup. Ct. Rep. 466; Block v. Darling, 140 U. S. 238, 11 Sup. Ct. Rep. 832; McClellan v. Pyeatt, 4 U. S. App. 319, 1 C. C. A. 613, 50 Fed. Rep. 686. Upon the organization of this court, the practice on this subject, as settled by the uniform decisions of the supreme court, was formulated into a rule, and adopted as a rule of practice of this court, in the following terms:

"The judges of the circuit and district courts shall not allow any bill of exceptions which shall contain the charge of the court at large to the jury, in trials at common law, upon any general exception to the whole of such charge. But the party excepting shall be required to state distinctly the several matters of law in such charge to which he excepts, and those matters of law, and those only, shall be inserted in the bill of exceptions, and allowed by the court." Rule 10, 47 Fed. Rep. vi., 1 C. C. A. xiv.

This rule was designed to put an end to allowing bills of exceptions like the one in this case. It matters not that the judge may be willing to consent to such a bill. He cannot waive the rule, so far as it relates to specific exceptions, if he desires to do so. The rule is not made for the judge's personal protection or benefit, but for the protection of suitors and the advancement of justice. It is the duty of the party excepting, to call the attention of the court distinctly to the parts of the charge he excepts to, and this must be done before the cause is finally submitted to the jury, to the end that the court may have an opportunity to correct or explain the parts of the charge excepted to, if it seems proper to do so. The practice which it has been intimated at the bar sometimes obtains of taking a general exception to the whole charge, with leave to specify particular exceptions after the trial, is a plain violation of the letter and spirit of the rule. The party who conceives the charge is erroneous in any respect, and remains silent, will not be heard to point out the error after the trial; and a general exception to the whole charge, any part of which is good law, is equivalent to silence. The rule is mandatory. Its enforcement does not rest in the discretion of the lower court. Its enforcement is essential to the proper and intelligent administration of justice. It serves to correct hasty, inaccurate, or misleading expressions in the charge; it affords an opportunity for explanations and qualifications which might otherwise be overlooked, and sometimes, by removing the ground of exception, prevents further litigation. It is, of course, the duty of the court to allow the parties reasonable time and facilities for specifying exceptions. There is no occasion for haste in charging a jury. No part of the trial should be

conducted more deliberately and carefully, and no court will refuse a party time and opportunity to point out distinctly his exceptions to the charge before the case is finally given to the jury. He must be afforded opportunity to do this then, because he is precluded from doing it afterwards. There being no error on the face of the record, and no error saved by the bill of exceptions, the judgment of the circuit court is affirmed.