MASONIC BEN. ASS'N OF CENTRAL ILLINOIS v. LYMAN.

(Circuit Court of Appeals, Seventh Circuit. February 9, 1894.)

No. 79.

1. TRIAL—EXCEPTIONS—REVIEW ON APPEAL.

A ruling that a certain document is admissible in evidence is not assignable as error where the record does not show that the document was actually read to the jury.

2. SAME—BILL OF EXCEPTIONS.

The exclusion of documentary evidence is not assignable as error where the excluded documents are not set forth in the bill of exceptions.

3. SAME—INSTRUCTIONS.

An exception "to the giving of each and all" of the instructions is unavailing where any part of the charge states a correct proposition of law, under a rule of court that "the party excepting shall be required to state distinctly the several matters of law in such charge to which he excepts."

In Error to the Circuit Court of the United States for the Southern District of Illinois.

Assumpsit by Rachael S. Lyman against the Masonic Benevolent Association of Central Illinois. Plaintiff obtained judgment. Defendant brings error.

This was an action by the defendant in error against the plaintiff in error upon a certificate of membership issued by the latter to Joseph Lyman for the benefit of his wife, who is the defendant in error. Omitting the formal parts, the certificate is as follows: "This certificate of membership witnesseth, that the Masonic Benevolent Association of Central Illinois, in consideration of the representations and warranties made to it in the application for this membership, which is hereby made a part of this, and the sum of six dollars paid by Joseph Lyman, of Council Bluffs, Iowa, and the sum of one and 25-100 dollars to be paid within fifteen days after due notice has been given of the death of a member of this association, according to the by-laws, does promise and agree to and with Joseph Lyman to pay, or cause to be paid, to Rachael S. Lyman, his wife, if living; if not, to Aaron J. Lyman, his son, if alive; if not, then to the legal heirs of the survivor of said beneficiaries,—within ninety days after satisfactory proof of the death of the said Joseph Lyman, and proof of interest, shall be received at the office of this association, and shall have been approved by the directors, the amount of ninety cents for each whole member, forty-five cents for each half member, and twenty-five cents for each quarter member, of the association at the time of death: provided, however, and it is expressly understood and agreed, that the benefit herein provided for shall never exceed the sum of four thousand dollars." "It is also agreed that if the said Joseph Lyman shall not pay the assessment hereinbefore named on or before the time mentioned for the payment thereof, or in case he shall, without the consent of this association previously obtained in writing, engage in any military or naval service whatsoever in time of war, rebellion, aerial voyages, the manufacture of highly explosive or inflammable substances, or as a freight brakeman on a railroad, or if any of the representations made in the application

for this membership is untrue, then this certificate shall be null, void, and of no effect. It is expressly understood and agreed that no suit at law or in equity can be maintained upon this certificate for the recovery of any claim by virtue thereof unless the same shall have been actually begun within twelve months from the date of the death of the member to whom it was issued, any statute of limitations to the contrary notwithstanding." Section 1 of article 3 of the by-laws is the only one material to any question sought to be raised by the assignment of errors. It is as follows: "Section 1. Upon the death of a member of the association, the secretary shall send by mail to the postoffice address of each member of the association a notice giving the name of the deceased member, and the postoffice address at the time of death, and the assessment due from each member to whom such notice is sent, or the secretary may employ a suitable person, in each town or city where the members reside, who shall act for the secretary in serving such notices either personally or by mail, which notice so sent or served shall be deemed and taken to be lawful and sufficient notice for the payment of the assessment so called for and required; and any member fa'l'ng to pay such assessment within fifteen days after such notice has been served upon him shall forfeit his membership in the association, and all benefit therefrom."

The plaintiff in error pleaded the general issue, and it was stipulated that all defenses might be proved thereunder which would have been provable under any plea which might have been pleaded. The only defense sought to be made on the trial was that the certificate of membership had become forfeited by the failure of Joseph Lyman to pay an assessment of $6.25 claimed to have been made December 1, 1889, of which he had seasonable notice in writing. Two questions of fact were sharply contested: (1) Whether Joseph Lyman had received notice of the assessment; (2) whether the board of directors of the plaintiff in error had made an assessment before the notice was sent. John F. Scott, the secretary of the plaintiff in error, was called and examined as a witness in its behalf, and gave evidence tending to support its defense. On his cross-examination he testified that he knew that a notice had been served on the association or its counsel to produce on the trial certain record books and papers in his custody and control as such secretary; and he admitted that, on the suggestion of counsel, he had failed to produce them. The defendant in error offered in evidence the notice so served, to which counsel for the plaintiff in error objected. The objection was overruled, and an exception reserved. The bill of exceptions does not show that the notice was read in evidence to the jury. The plaintiff in error, to maintain its defense, offered in evidence a number of letters written by Joseph Lyman, which it was asserted contained admissions that he had notice of the assessment, and had failed to pay it. Upon objection the court excluded the letters, and an exception was duly reserved. The bill of exceptions does not set forth any of the letters so offered or excluded. The plaintiff in error also offered in evidence another letter written by Joseph Lyman, said to inclose an application by him for reinstatement, which was excluded, and an exception reserved. Neither this letter nor the inclosed application is set forth in the bill of exceptions. The court, at the conclusion of the argument, gave an oral charge to the jury upon all the legal questions involved in the case. The charge covers about two pages of the printed record. At the conclusion of the charge the plaintiff in error reserved its exception thereto, as follows: "To the giving of each and all of which instructions the defendant, by its counsel, excepted." The plaintiff in error has copied the entire charge in its assignment of errors, and at its conclusion is the following: "We assign error as to that part of the instructions holding that each member shall be assessed, and that such assessment should be by the board of directors, and that the board of directors should ascertain and determine that certain members of the association had died, thereupon assessing a certain amount to be due on said death losses. And as to that part of the instructions holding that if they (the jury) believe, from the evidence, that a record was kept, they should not consider oral evidence, and, as to the rule of damages, we insist that the word 'assessment' is synonymous with the word 'installment,' and that it was a sum certain, due upon the death of a member, and that there was no evidence whatever,

of any record upon . which to base that part of the instruction. As to the rule of damages, we insist that the amount to be paid,. in all cases, depends upon the amount actually paid in, and not upon the membership."

Horace S. Clark and James A. Connelly, for plaintiff in error.

Samuel P. Wheeler and Clark Varnum, for defendant in error.

Before WOODS and JENKINS, Circuit Judges, and BAKER, District Judge..

BAKER, District Judge, after having made the foregoing statement, delivered the opinion of the court.

The first assignment of error is that the court erred in ruling that the notice to produce record books and papers was admissible in evidence. This assignment presents no available error, because the bill of exceptions fails to show that the ruling was followed up by the introduction of the notice in evidence. This court will not indulge the presumption, because the court held the notice admissible, that the defendant in error read it in evidence to the jury, since the record fails to show that such was the fact. Error, to be available, must be affirmatively shown by the record; and, in the absence of such showing, every intendment will be indulged in support of the judgment. Nor does the ruling of the court in excluding the several letters offered in evidence present any available error. None of these letters is set forth in the bill of exceptions. To enable this court to review the action of the court below, it is necessary that the excluded evidence should be incorporated in the bill of exceptions; otherwise, the court has no means of forming a judgment in regard to the propriety of the alleged erroneous ruling.

The remaining assignments are predicated upon alleged errors in the instructions of the court to the jury. These instructions fill nearly two pages of the printed record. The exception of the plaintiff in error is as follows: "To the giving of each and all of which instructions the defendant, by its counsel, excepted." An exception to "each and all" of the instructions gave no information to the court in regard to what was in the mind of the excepting party, and therefore afforded no opportunity to correct any error committed by it. Every allegation of the declaration was traversed by a plea of the general issue, and the instructions by the court contained a number of distinct propositions of law in addition to those pointed out as erroneous. It is firmly settled that a general exception to an entire charge, which embraces several propositions of law, is unavailing, if any part of the charge states the law correctly. Several propositions of law relevant to the facts in issue are correctly stated by the court in its charge. The whole charge is not substantially wrong, and therefore a general exception is unavailing for any purpose. Holder v. U. S., 14 Sup. Ct. 10; Lewis v. U. S., 146 U. S. 370, 13 Sup. Ct. 136; Iron Co. v. Blake, 144 U. S. 476, 12 Sup. Ct. 731; Anthony v. Railroad Co., 132 U. S. 172, 10 Sup. Ct. 53; Burton v. Ferry Co., 114 U. S. 474, 476, 5 Sup. Ct. 960; Railway Co. v. Jurey, 111 U. S. 584, 596, 4 Sup. Ct. 566; Cooper v. Schlesinger, 111 U. S. 148, 151, 4 Sup. Ct. 360; Lincoln v. Claflin, 7 Wall. 132, 139; Price v. Pankhurst, 10 U. S. App. 497, 3 C. C. A.

5€1, 53 Fed. 312. The law on this subject, as settled by the uniform decisions of the supreme court, was embodied in a rule. and adopted for the government of the practice of this court, as follows:

"Rule 10. The judges of the circuit and district courts shall not allow any bill of exceptions which shall contain the charge of the court at large to the jury in trials at common law, upon any general exception to the whole of such charge. But the party excepting shall be required to state distinctly the several matters of law in such charge to which he excepts, and those matters of law and those only, shall be inserted in the bill of exceptions and allowed by the court." 12 Sup. Ct. vii.

It has been well said that:

"This rule was designed to put an end to the practice of allowing bills of exception like the one in this case. It matters not that the judge may be willing to consent to such a bill. He cannot waive the rule, so far as it relates to specific exceptions, if he desires to do so. The rule is not made for the judge's personal protection or benefit, but for the protect'on of suitors, and the advancement of justice. It is the duty of the party excepting to call the attention of the court distinctly to the portions of the charge he excepts to, and this must be done before the case is finally submitted to the jury. to the end that the court may have an opportunity to correct or explain the parts of the charge excepted to, if it seems proper to do so." Price v. Pankhurst, supra.

The assignment of errors improperly sets out the entire charge. The eleventh rule of this court (12 Sup. Ct. vii.) provides, when "the error alleged is to the charge of the court, the assignment of errors shall set out the part referred to totidem verbis;" and "when this is not done counsel will not be heard except at the request of the court, and error not assigned according to this rule will be disregarded, but this court, at its option, may notice a plain error not assigned."

This case is not one in which the court ought, upon its own motion, to notice the alleged error in the charge, even if it was thought to be a plain one. A manifest error, saved by a proper exception, might perhaps be noticed when not properly assigned; but to notice errors which have neither been saved by a proper exception, nor properly assigned, would be a departure from sound principle, and an open disregard of the foregoing rules. It would leave the rights of suitors to be determined by the mere discretion of the court, unrestrained by any fixed principles for its control or guidance. Hardship may result in individual cases from the enforcement of these rules, but they manifestly tend to the orderly administration of justice, and a disregard of them would be productive of more injustice than is likely to result from their enforcement. For these reasons we must decline to examine the alleged errors in the charge. There is no available error presented in the record, and the judgment must be affirmed, at the cost of the plaintiff in error, and it is so ordered.