## ST. LOUIS, I. M. & S. RY. CO. v. SPENCER.

(Circuit Court of Appeals, Eighth Circuit. December 2, 1895.)

No. 649.

1. TRIAL—EXCEPTIONS TO CHARGE.
   If the entire charge is excepted to, or a series of propositions contained in it are excepted to in gross, and any portion of what is excepted to is sound, the exception cannot be sustained.

2. SAME.
   The attention of the court must be distinctly called to the portions of the charge excepted to before the final submission of the cause to the jury.

3. SAME.
   It is error to charge the jury upon an assumed state of facts to which no evidence applies.

4. SAME.
   It is proper to refuse to charge as requested by counsel, when the rules of law embodied in the request are properly laid down in the general charge.

5. EXCESSIVE VERDICT.
   It is not a ground of exception that a verdict is excessive.

In Error to the Circuit Court of the United States for the Eastern District of Arkansas.

George E. Dodge and B. S. Johnson, for plaintiff in error.

O. D. Scott, Paul Jones, U. M. Rose, W. E. Hemingway, and George B. Rose, for defendant in error.

Before CALDWELL, SANBORN, and THAYER, Circuit Judges.

SANBORN, Circuit Judge. About 9 o'clock in the forenoon, on the 24th day of May, 1894, Sarah Owen Spencer, the defendant in error, was a passenger in a Pullman car attached to a train of the St. Louis, Iron Mountain & Southern Railway Company, the plaintiff in error, which was passing through the yard of that company at Texarkana, in the state of Arkansas. A switchman of the plaintiff in error carelessly threw a switch before the Pullman car had passed it, and this derailed the car, caused it to collide with a train of coal cars, smashed two of the windows on one side of the car, and, as the defendant in error alleged, seriously injured her. She brought an action for her damages, and recovered a judgment against the company. The writ of error in this case was sued out to review the proceedings which resulted in this judgment.

Counsel for the plaintiff in error declare in their brief that they rely upon 11 supposed errors to reverse the judgment. The first 5 are founded upon exceptions to the refusal of the court to give certain requests for instructions to the jury, which they preferred. The first request was that if the jury believed that the injury to the defendant in error resulted without fault of the company, by inevitable accident, or by reason of the diseased condition of the defendant in error, their verdict should be for the plaintiff in error. The second request was that if the jury found from the

evidence that the defendant in error was injured by mere accident, without fault on the part of the company or its employés, they should return a verdict for the company. These requests were properly refused. The evidence was undisputed that the derailment of the car was caused by the act of the switchman of the company, who threw the switch before the rear trucks of the car had passed over it. It is error to charge the jury upon an assumed state of facts to which no evidence applies, because it withdraws their attention from the real issues on trial, and tends to fix it upon issues that are not presented by the case. Insurance Co. v. Stevens (decided by this court at the present term) 71 Fed. 258; Railroad Co. v. Houston, 95 U. S. 703; Railroad Co. v. Blessing, 14 C. C. A. 394, 67 Fed. 277, 281.

The requests for instructions of which complaint is made in the third, fourth, and fifth supposed errors that are relied upon were substantially given in the general charge of the court. It is not error for the trial court to refuse to charge as requested by counsel, where the rules of law embodied in the requests are properly laid down in the general charge of the court. Railway Co. v. Jarvi, 10 U. S. App. 439, 453, 3 C. C. A. 433, 53 Fed. 65; Railroad Co. v. Washington, 4 U. S. App. 121, 1 C. C. A. 286, 49 Fed. 347; Railway Co. v. O'Brien, 4 U. S. App. 221, 1 C. C. A. 354, 49 Fed. 538; Eddy v. Lafayette, 4 U. S. App. 247, 1 C. C. A. 441, 49 Fed. 807.

The sixth, seventh, eighth, ninth, and tenth supposed errors of which complaint is made relate to certain paragraphs in the general charge of the court; but, upon examination of the record, we find that no exceptions to these portions of the charge were taken before the jury retired. This is the record:

"At the conclusion of the charge, counsel for defendant stated to the court that they noticed that the prayers for instructions submitted by them were not embodied in the charge of the court, and they desired then and there to except to the court's action in refusing to give in charge each of said instructions, which several exceptions were noted. They further stated that they could not, upon hearing the charge read, state to the court their objections to it, but desired to except to each and every sentence in the charge given, with leave to state their objections upon the record, at some future time. Counsel for plaintiff demanded that counsel for defendant state their objections to the charge given before the jury left the box, to the end that such objections might be considered, passed upon, and, if well taken, that the charge might be corrected. Counsel for defendant stated that they could not do this, as the charge was oral, and asked that time be given to have said charge written out, that they then might have time to save their exceptions to the same. Thereupon the court announced to counsel that, if it is in the power of the court, they shall have time to examine the charge after it has been reduced to writing, and point out specifically any objections they might have to the same, or any part thereof. And the court noted their exceptions to each and every sentence in the charge given, with leave to state their objections in future, to which leave plaintiff then and there objected."

The general charge covers four closely-printed pages of this record. It states uncontroverted facts and propositions of law for the guidance of the jury. Many, perhaps all, of these statements and propositions are correct. The exception of counsel for plaintiff in error to each and every sentence of the charge given was therefore unavailing. "If the entire charge of the court is excepted

to, or a series of propositions contained in it are excepted to in gross, and any portion of what is excepted to is sound, the exception cannot be sustained." McClellan v. Pyeatt, 1 C. C. A. 613, 50 Fed. 686, 4 U. S. App. 319, 321; Bracken v. Railway Co., 5 C. C. A. 548, 551, 56 Fed. 447, 450, 12 U. S. App. 421, 423; Beaver v. Taylor, 93 U. S. 46; Lincoln v. Claflin, 7 Wall. 132; Cooper v. Schlesinger, 111 U. S. 148, 4 Sup. Ct. 360; Burton v. Ferry Co., 114 U. S. 474, 5 Sup. Ct. 960; Rogers v. The Marshal, 1 Wall. 644, 647; Moulor v. Insurance Co., 111 U. S. 335, 337, 4 Sup. Ct. 466; Block v. Darling, 140 U. S. 234, 238, 11 Sup. Ct. 832.

The charge of the court was concluded, and the jury retired to consider their verdict, on January 26, 1895. The exceptions now urged to certain specific portions of the charge first appeared in the bill of exceptions, which was presented to and signed by the judge who tried the case on February 23, 1895. These exceptions are utterly futile. As early as November, 1892, the decision of this court apprised counsel of this fact. In Price v. Pankhurst, 3 C. C. A. 551, 53 Fed. 312, 10 U. S. App. 497, 499, Judge Caldwell, in delivering the opinion of this court, said:

"It is the duty of the party excepting to call the attention of the court distinctly to the portions of the charge he excepts to, and this must be done before the cause is finally submitted to the jury, to the end that the court may have an opportunity to correct or explain the parts of the charge excepted to, if it seems proper to do so. The practice, which, it has been intimated at the bar, sometimes obtains, of taking a general exception to the whole charge, with leave to specify particular exceptions after the trial, is a plain violation of the letter and spirit of the rule. The party who conceives that the charge is erroneous in any respect, and remains silent, will not be heard to point out the error after the trial; and a general exception to the whole charge, any part of which is good law, is equivalent to silence. The rule is mandatory. Its enforcement does not rest in the discretion of the lower court."

This rule has been repeatedly affirmed. Bracken v. Railway Co., 5 C. C. A. 548, 56 Fed. 447, 12 U. S. App. 421, 423; Emanuel v. Gates, 3 C. C. A. 663, 53 Fed. 772; Sutherland v. Round, 6 C. C. A. 428, 57 Fed. 467; Park v. Bushnell, 9 C. C. A. 138, 60 Fed. 583.

The last supposed error relied upon is that the verdict is excessive. It is well settled that it is not within the power of this court to consider that question. Railroad Co. v. Winter's Adm'r, 143 U. S. 60, 75, 12 Sup. Ct. 356; Railroad Co. v. Charless, 2 C. C. A. 380, 398, 51 Fed. 562.

The judgment below is affirmed, with costs.