NEW ENGLAND FURNITURE & CARPET CO. v. CATHOLICON CO.

(Circuit Court of Appeals, Eighth Circuit. March 1, 1897.)

No. 814.

1. REVIEW ON ERROR—EXCEPTION TO REFUSAL OF INSTRUCTIONS.
    An exception taken in gross to the refusal of a long series of instructions is of no avail in an appellate court, if some of such instructions were clearly erroneous, and ought not to have been given.

2. SAME—EXCEPTIONS TO CHARGE.
    Exceptions to a charge to the jury, not taken until after the jury has retired, will not be noticed on appeal, especially where the objections to the charge are of such a nature that they might have been remedied had the court's attention been called to them at the proper time.

In Error to the Circuit Court of the United States for the District of South Dakota.

Louis A. Merrick (Ambrose N. Merrick with him on the brief), for plaintiff in error.

Chambers Kellar (Andrew J. Kellar with him on the brief), for defendant in error.

Before CALDWELL, SANBORN, and THAYER, Circuit Judges.

THAYER, Circuit Judge. This is an action in replevin, which was brought by the Catholicon Company, the defendant in error, against the New England Furniture & Carpet Company, the plaintiff in error, hereafter called the "Furniture Company," to recover the possession of certain hotel furniture. The property in controversy was originally bought by the Catholicon Hot Springs Company of the furniture company, in February, 1893, and two notes, aggregating $1,750, made by third parties, were indorsed and delivered to the furniture company in part payment therefor, the understanding being that the residue of the purchase money, about $1,000, should be paid within 30 days thereafter. In April, 1893, the furniture in controversy was sold and delivered by the Catholicon Hot Springs Company to a new corporation, the Catholicon Company, which is the present defendant in error. In May, 1893, after the last-mentioned sale, the furniture company and the Ca-

tholicon Hot Springs Company entered into a written agreement, which, as it is claimed, embodied the terms of the verbal agreement that was made when the furniture in question was originally sold. The legal effect of this agreement was that the furniture company was to retain the title to the property contracted to be sold until the purchase price was fully paid. It was under the latter contract, made after the property had been sold by the original purchaser to the new company, the present defendant in error, that the furniture company, on the trial of the case, laid claim to the property. The testimony contained in the record tends to show that shortly after the defendant in error bought the property it was advised by the furniture company that the amount due to it on account of the sale to the Catholicon Hot Springs Company was only $1,057.55; that it paid this sum to the furniture company in October, 1893, and thereby obtained a good title to the property. It appears, however, that the furniture company did not succeed in collecting the notes amounting to $1,750, which it had originally accepted in part payment for the furniture, and that in December, 1894, it succeeded in obtaining possession of the property, and shortly thereafter made an attempt to remove the same secretly from the state of South Dakota, whereupon the present action was brought by the Catholicon Company. The trial, which was before a jury, resulted in a verdict in its favor. None of the exceptions to the admission and exclusion of evidence which were taken at the trial have been argued in the brief of the plaintiff in error, and apparently they are not relied upon as a ground for the reversal of the judgment. We have examined them, however, in so far as errors of this class are properly assigned and presented, in accordance with the provisions of rules 11 and 24 of this court (21 C. C. A. cxii., xcix., 78 Fed. cxii., xcix.), and we find them to be without merit.

The defendant below requested the court to give 11 instructions, all of which were refused, although the substance of some of the instructions was embraced in the court's charge to the jury. The exception which was saved to the refusal of these instructions was taken in gross to the refusal of all, and, as some were clearly bad, we cannot notice the alleged error. It is well settled that an exception taken to a charge as a whole, or to a long series of instructions, which does not point out the particular error complained of, will not be of any avail in an appellate court, unless the charge as a whole, or the instructions as a whole, were erroneous. The same rule applies to an exception taken in gross to the refusal of a long series of instructions. If some of them were clearly erroneous, and ought not to have been given, the trial court, on an exception to the refusal of all, will not be adjudged to have committed an error. Price v. Pankhurst, 10 U. S. App. 497, 3 C. C. A. 551, and 53 Fed. 312; Association v. Lyman, 18 U. S. App. 507, 9 C. C. A. 104, and 60 Fed. 498; Railway Co. v. Spencer, 36 U. S. App. 229, 18 C. C. A. 114, and 71 Fed. 93.

Exceptions were taken, or at least an attempt was made to take exceptions, to some portions of the charge given by the trial court;

the main objection thereto being, as it seems, that portions thereof were contradictory, and liable to confuse and mislead the jury. The record shows, however, as we understand it, that the objections to the charge were made after the jury had retired from the bar. It has been held by the supreme court and by this court on several oc-casions that the fact that exceptions are not taken until after the jury has retired is a good and sufficient reason for refusing to notice the same on appeal. Phelps v. Mayer, 15 How. 160; Bracken v. Railroad Co., 12 U. S. App. 421, 5 C. C. A. 548, and 56 Fed. 447; Park v. Bushnell, 20 U. S. App. 425, 9 C. C. A. 138, and 60 Fed. 533. The case at bar seems to be a proper one in which to apply the rule last stated, as the main objection made to the charge was of such a nature that it might have been remedied had the court's attention been called to it at the proper time. Finding no error in the record that would justify a reversal of the cause, the judgment of the circuit court is affirmed.