## BAGGS v. MARTIN et al.

(Circuit Court of Appeals, Eighth Circuit. April 4, 1901.)

No. 1,308.

1. APPEAL—INSTRUCTIONS—EXCEPTIONS—SUFFICIENCY.
   Where instructions given at plaintiff's request embrace several distinct propositions, a general exception to the giving of the instructions, and to each and every part thereof, is not sufficient to support an assignment of error which only relates to one proposition included therein.

2. SAME—REFUSAL TO GIVE INSTRUCTIONS.
   A general exception to the refusal to give instructions, including several distinct points, is not sufficient to support an assignment of error.

3. STREET RAILROADS—NEGLIGENCE—EVIDENCE—ADMISSIBILITY.
   Where the receiver of a street railroad defends an action for the negligent killing of an alleged passenger on the ground that she was not a passenger on the car, and did not receive any injuries through defendant's negligence, the clothing worn by deceased at the time of the accident is admissible for the purpose of her identification, and as tending to show the nature and extent of her injuries.

4. APPEAL—MISCONDUCT OF COUNSEL.
   Where an assignment of errors, on the ground of misconduct of counsel in his argument to the jury, does not contain a reference to the record showing an exception to the remark when made, and the ruling of the court thereon, as required by a rule of court, it will not be considered on appeal.

5. SAME.
   Where objection to misconduct of counsel in his argument to the jury is first made on the motion for new trial, it will not be considered on exceptions to the action of the court in overruling the motion, since exceptions should have been taken thereto at the time of the making of the improper argument.

In Error to the Circuit Court of the United States for the District of Colorado.

A. M. Stevenson, for plaintiff in error.
E. Keeler, H. N. Sale, and E. H. Wilson, for defendants in error.

Before CALDWELL, SANBORN, and THAYER, Circuit Judges.

108 F.—3

CALDWELL, Circuit Judge. This action was brought by Albert Martin and others, heirs at law of Mary E. Martin, against Edward C. Baggs, as receiver of the Denver City Railroad Company, to recover damages for the killing of Mary E. Martin through the alleged negligent management of the street cars operated by the defendant. There was a trial to a jury, and a verdict and judgment for the plaintiffs, and the defendant sued out this writ of error.

The first three errors assigned relate to instructions given and refused. But these alleged errors cannot be considered, because no sufficient exception was taken to the instructions given, or to the refusal to give those asked by the defendant. To a series of instructions, embracing several separate and distinct propositions, asked by the plaintiff and given by the court, only one of which is assigned for error or claimed to be erroneous, the only exception taken was: "To the giving of the instructions asked by the plaintiffs, and to each and every thereof, defendant then and there duly excepted." To a series of instructions, embracing nine separate and distinct propositions, asked by the defendant and refused by the court, the only exception taken was in these words: "To the refusing of which instructions defendant by his counsel duly excepted." These exceptions were not sufficient, for reasons so often stated by this and other courts as not to require repetition. Railway Co. v. Jurey, 111 U. S. 584, 596, 4 Sup. Ct. 566, 28 L. Ed. 527; Price v. Pankhurst, 10 U. S. App. 497, 499, 3 C. C. A. 55, 53 Fed. 312; Association v. Lyman, 18 U. S. App. 507, 9 C. C. A. 104, 60 Fed. 498. In the last case cited, an exception in this form, "To the giving of each and all of which instructions the defendant, by its counsel, then and there excepted," was held to be of no avail. Anthony v. Railroad Co., 132 U. S. 173, 10 Sup. Ct. 53, 33 L. Ed. 301; Railway Co. v. Johnson, 4 C. C. A. 447, 54 Fed. 481, 10 U. S. App. 629; Philip Schneider Brewing Co. v. American Ice-Mach. Co., 23 C. C. A. 89, 77 Fed. 147, 40 U. S. App. 382; Shelp v. U. S., 26 C. C. A. 570, 81 Fed. 700, 48 U. S. App. 385; Holder v. U. S., 150 U. S. 91, 14 Sup. Ct. 10, 37 L. Ed. 1010; Lewis v. U. S., 146 U. S. 370, 13 Sup. Ct. 136, 36 L. Ed. 1011; Iron Co. v. Blake, 144 U. S. 476, 12 Sup. Ct. 731, 36 L. Ed. 510.

The clothing Mrs. Martin had on when she received the injury which resulted in her death was exhibited to the jury for the purpose of identifying her as the woman who received the injury, and as tending to prove the character and extent of her injuries. There was no error in this. The defendant denied that the deceased was a passenger on his car, or that she received any injury through the negligence of himself or his servants.

The remaining assignment of error relates to a remark of the plaintiff's counsel in his argument to the jury. This assignment of error is not supported by a reference to the record showing that an exception was taken to the remark when made, and what action the court took thereon. Under the rules of this court, such a reference is necessary. The only reference to the record in the brief of counsel for the plaintiff in error is to page 101, and upon turning to that page we find the alleged remark is set out as one of the grounds for a new trial, and we do not find it referred to elsewhere in the record.

Such exceptions cannot be saved by assigning them for the first time in a motion for a new trial, and then excepting to the action of the court in overruling such motion. The judgment of the circuit court is affirmed.