HODGE v. CHICAGO & A. RY. CO.

(Circuit Court of Appeals, Eighth Circuit. March 2, 1903.)

No. 1,765.

**1. REMOVAL OF CAUSES—PETITION—INCORRECT DESIGNATION OF DIVISION.**

A petition for the removal of a cause incorrectly designated the division of the district to which removal was prayed as the Southern instead of the Eastern. There was no Southern Division, and the city where the court was held was properly designated. *Held*, the defect was immaterial, and would be disregarded.

**2. SAME—BOND—INCORRECT DESIGNATION OF DISTRICT—AMENDMENT.**

A bond for a removal of a cause obligated the petitioner to lodge the transcript in the Circuit Court for the Central Division of the Western District of Missouri. The county in which the action was brought was within the Eastern District of Missouri, but had formerly been in the Central Division of the Western District. The petition for removal disclosed all the essential jurisdictional facts, and the bond was filed in connection therewith. *Held*, that the defect in the bond was not jurisdictional, but could be amended, on leave of court, after the time allowed to remove the cause had expired.

**3. APPEAL—INSTRUCTIONS—FAILURE TO EXCEPT.**

If all the points in a case have not been covered by the court's charge, or have not been properly presented, the court's attention should be called thereto, and an instruction covering the points requested, and an exception taken to its refusal, especially when the court at the conclusion of the charge inquires whether there are any such matters.

**4. SAME—INSTRUCTIONS—REFUSAL TO GIVE—EXCEPTION IN GROSS.**

An exception in gross to the refusal of a list of instructions will not be noticed on appeal when some of the instructions were superfluous, because embraced substantially in the charge as given.

In Error to the Circuit Court of the United States for the Eastern District of Missouri.

R. D. Rodgers and P. H. Cullen (J. S. McIntyre, on the brief), for plaintiff in error.

F. Houston, for defendant in error.

Before CALDWELL, SANBORN, and THAYER, Circuit Judges.

THAYER, Circuit Judge. This is an action for personal injuries, which was brought by J. R. Hodge, the plaintiff in error, against the Chicago & Alton Railway Company, defendant in error, in the circuit court for Audrain county, in the state of Missouri, on March 29, 1901. The action was returnable to the June term of that court, which convened, pursuant to law, on the first Monday of that month. At the return term, and on June 3, 1901, the defendant company appeared by its counsel and filed a petition and bond for the removal of the cause to the federal Circuit Court; alleging in its petition for a removal that the plaintiff was a citizen and resident of the state of Missouri; that the defendant company was duly incorporated under the laws of the state of Illinois; that the amount in controversy exceeded $2,000, exclusive of interest and costs; and that the time allowed by law to the defendant company to plead to the complaint would not expire until the succeeding day, to wit, June 4, 1901.

Originally Audrain county, Mo., formed a part of the Eastern Judicial District of Missouri, and was in the Northern Division of that district. Act Feb. 28, 1887, 24 Stat. 424, c. 271 [U. S. Comp. St. 1901, p. 385]. By a later enactment, approved October 1, 1888, Audrain county was detached from the Northern Division of the Eastern Judicial District of Missouri, and attached to the Central Division of the Western Judicial District of Missouri, whose courts are held at Jefferson City, Mo. Act Oct. 1, 1888, 25 Stat. 498, c. 1056 [U. S. Comp. St. 1901, p. 388]. By a still later act, approved on January 28, 1897 (29 Stat. 502, c. 106 [U. S. Comp. St. 1901, p. 389]), the county was restored to the Eastern Judicial District of Missouri, but was assigned to the Eastern Division of that district, whose courts are held at St. Louis, Mo.; the courts of the Northern Division, to which it was originally attached, being held at Hannibal, Mo.

When the defendant company applied for the removal of the cause, through inadvertence it prayed that the action might be removed to "the Circuit Court of the United States for the Southern Division of the Eastern District of Missouri, at St. Louis, Missouri." On the other hand, the bond, which it tendered was conditioned that the defendant company should file the transcript "in the Circuit Court of the United States in and for the Central Division of the Western District of Missouri on the first day of its next session." Discovering the error in the petition and in the bond for removal, the defendant company applied to the state court on June 7, 1901, for leave to amend its petition and bond so as to describe the removal court correctly as the Circuit Court of the United States for the Eastern Division of the Eastern Judicial District of Missouri, and for leave to file a new bond, obligating it to lodge the transcript in the last-named court on the first day of its next session. This application to amend the petition and for leave to file a new bond was denied by the state court on the next day, to wit, June 8, 1901. Thereupon, on June 24, 1901, having first obtained leave so to do, the defendant company lodged a complete transcript of the cause, showing all the proceedings aforesaid, in the Circuit Court of the United States for the Eastern Division of the Eastern Judicial District of Missouri. On the same day it filed in that court a bond for the requisite amount, containing a proper condition

121 F.—4

obligating the defendant company to lodge the transcript in that court, and to pay all costs that might be awarded if it should be held that the cause was wrongfully or improperly removed thereto. On July 8, 1901, the plaintiff filed a motion in the federal Circuit Court to remand the cause to the state court, which motion, having been heard and considered, was overruled on October 21, 1901. The case was subsequently tried to a jury, resulting in a verdict and judgment in favor of the defendant company, whereupon the plaintiff below removed the cause to this court by a writ of error.

The principal question to be determined by this court is whether the federal Circuit Court, in view of the facts aforesaid, acquired jurisdiction of the case, or should have remanded it to the state court, as it was requested to do. It will be observed that the original petition for a removal clearly showed that the case was one of federal cognizance, because of diversity of citizenship and the amount in controversy, and that the only defect in the petition was in the prayer, which erroneously described the court to which a removal was desired as sitting in the Southern Division of the district, instead of the Eastern Division. But as there was no such division of the district as the Southern, and as the place where the court was held, to wit, the city of St. Louis, was correctly described, the error in question was one of those obvious errors, such as a court can correct, at pleasure, or disregard. The intent to remove the case to the Eastern Division of the Eastern District was plain, and the court was privileged to construe the prayer according to the manifest intention of the petitioner, disregarding the obvious mistake made in describing the division.

The bond, however, was defective, in that it obligated the petitioner to lodge the transcript in the Circuit Court of the United States for the Central Division of the Western District of Missouri—a court which could not acquire jurisdiction of the case by removal under any circumstances. But it was equally manifest that this mistake in the bond was occasioned by the fact that Audrain county had been shuffled about from one division and district to another until some persons had lost track of it, and did not know where it belonged. It was also manifest that the petitioner intended to obligate itself to lodge the transcript in that court, where, under the law, it ought to be lodged. The petitioner subsequently executed, and, by permission of the Circuit Court of the United States for the Eastern District of Missouri, filed, a proper bond, and the only question which need be considered is whether the original defective bond could be thus amended after the time allowed to remove the case had expired.

This question, we think, was answered in the affirmative by the Supreme Court of the United States in Ayers v. Watson, 113 U. S. 594, 598, 5 Sup. Ct. 641, 28 L. Ed. 1093. It was there held, with respect to the judiciary act of March 3, 1875, 18 Stat. 470, c. 137 [U. S. Comp. St. 1901, p. 507], which act, in so far as the question now before us is concerned, is not substantially different from the judiciary act of March 3, 1887, 24 Stat. 552, c. 373 [U. S. Comp. St. 1901, p. 514], that the second section of that act, providing when a cause may be removed from the state to the federal court, contains a statement of matters that are in their nature jurisdictional; that a petition for re-

moval must disclose that the case is one within the jurisdiction of the federal court by reason of diversity of citizenship, amount in controversy, etc.; that, if such jurisdictional facts are not disclosed, the defect will be fatal at any stage of the case; and that defects of that kind cannot be waived; whereas the provisions of the third section of the same act, which prescribe the time for filing the petition and bond, and the form of the bond, are not jurisdictional, but "modal and formal," and that, according to general rules of law, an "application in due time, and the profert of a proper bond," and other defects in matters of procedure only, may be waived "either expressly or by implication." The doctrine in that case was reaffirmed in Powers v. Chesapeake & Ohio Railway, 169 U. S. 92, 98, 101, 18 Sup. Ct. 264, 42 L. Ed. 673, wherein it was said, inter alia:

> "A petition for removal, when presented to the state court, becomes part of the record of that court, and must doubtless show, taken in connection with other matters on that record, the jurisdictional facts upon which the right of removal depends, because, if those facts are not made to appear upon the record of that court, it is not bound or authorized to surrender its jurisdiction; and, if it does, the Circuit Court of the United States cannot allow an amendment of the petition, but must remand the case. Crehore v. Ohio & Mississippi Railway, 131 U. S. 240 [9 Sup. Ct. 692, 33 L. Ed. 144]; Jackson v. Allen, 132 U. S. 27 [10 Sup. Ct. 9, 33 L. Ed. 249]. But if, upon the face of the petition and of the whole record of the state court, sufficient grounds for removal are shown, the petition may be amended in the Circuit Court of the United States, by leave of that court, by stating more fully and distinctly the facts which support those grounds. Carson v. Dunham, 121 U. S. 421, 427 [7 Sup. Ct. 1030, 30 L. Ed. 992]; Martin v. Baltimore & Ohio Railroad, 151 U. S. 673, 690, 691 [14 Sup. Ct. 533, 38 L. Ed. 311]."

In view of these authorities, it is clear that as the petition for removal disclosed all the essential jurisdictional facts, and as a bond was filed in connection with the petition, this bond, although defective in form, was amendable, even after the time limited for a removal had expired; and the federal Circuit Court did not exceed its powers, but acted properly, in permitting it to be amended. If a petition for removal can be amended in the Circuit Court of the United States so as to state "more fully and distinctly" the grounds of removal, no reason is perceived why defects in the bond for removal—especially such a defect as that involved in the case in hand—may not be remedied in like manner by an amendment. The mistake which was made consisted of a mistake in matter of procedure only, and not in a failure to aver essential jurisdictional facts. We hold, therefore, that the motion to remand was properly denied, and that the lower court acquired lawful jurisdiction of the case.

Concerning the merits of the case but little need be said, because the record, as made up for this court, is in such a shape that it precludes us from considering many of the questions that are discussed in the brief. The plaintiff asked 17 instructions, some of them being of considerable length, all of which were refused, except in so far as they were embraced in the charge of the trial court, which in itself covers 10½ pages of the printed record, and deals with the case and all of its features at great length, and, as we may add, in a very able manner. Most of the exceptions that have been

argued go to the refusal of the court to give the 17 instructions that were refused, but an inspection of the record shows that exceptions were not taken separately to the refusal of each request, so as to challenge the court's attention to each proposition of law as it was presented. On the contrary, counsel for the plaintiff took an exception in gross to the refusal of all of the 17 instructions. The learned trial judge might very well have concluded that after delivering an elaborate charge of his own motion, embracing, as he supposed, every feature of the case, nothing remained to be said that would be of any practical benefit to the jury. At all events, if any point in the case had not been covered by the court's charge, or was not properly presented, counsel for the plaintiff should have called the attention of the court to the fact, and presented an instruction such as they desired, covering the point; and they should have taken an exception to the action of the court if it refused their request. Especially is this so in the case in hand, since the record shows that at the conclusion of the charge the court specially inquired of counsel if they desired the court to call the attention of the jury to any other matter before they retired, and counsel for the plaintiff in error answered the court's inquiry in the negative. We have several times held that an exception in gross, taken to the refusal of a long list of instructions, will not be noticed on appeal if any of them were erroneous or superfluous, as many of those which were asked in the present instance were, because they were embraced substantially in the charge, and a repetition thereof was wholly unnecessary. New England Furniture & Carpet Co. v. Catholicon Co., 24 C. C. A. 595, 79 Fed. 294; Price v. Pankhurst, 3 C. C. A. 551, 53 Fed. 312; Association v. Lyman, 9 C. C. A. 104, 60 Fed. 498; Railway Co. v. Spencer, 18 C. C. A. 114, 71 Fed. 93. In short, the exception which was taken in behalf of the plaintiff only raises the question whether all of the 17 instructions were correct and ought to have been given. We have no hesitation in answering this question in the negative.

We have examined those parts of the court's charge to which exceptions are said to have been taken by counsel for the plaintiff in error, as it was delivered, but we judge that they were probably taken subsequently, when the bill of exceptions was settled and signed. Be this as it may, however—giving the plaintiff in error the benefit of these exceptions, and assuming that they were taken at the proper time—we find nothing therein which is materially erroneous; nor do counsel for the plaintiff in error seem to contend that the parts of the charge to which their exceptions are addressed would warrant a reversal. Their chief contention seems to be that some of the instructions which they asked ought to have been given, but, for the reasons already stated, we cannot sustain their contention in that behalf.

Finding no error therein, the judgment below is affirmed.