### H. D. WILLIAMS COOPERAGE CO. v. SCOFIELD et al

(Circuit Court of Appeals, Eighth Circuit. November 2, 1903.)

#### No. 1,881.

1. APPEAL—REVIEW OF INSTRUCTIONS—SUFFICIENCY OF EXCEPTIONS.

An exception taken in gross to the refusal of numerous instructions asked will not be noticed on appeal if some of the instructions refused were erroneous or superfluous.

2. SALES—CONSTRUCTION OF CONTRACT.

Defendant contracted to furnish plaintiffs, who were dealers in oil, with their entire requirements for new barrels for a certain year, at specified prices. Plaintiffs were accustomed to purchase barrels from their customers after they were emptied, and use them again. *Held*, that such contract did not require them to purchase secondhand barrels instead of ordering new ones, when they were compelled to pay more than the contract price therefor, but that they were entitled to call on defendant for such number of new barrels as they required in conducting their business in the ordinary and businesslike way.

In Error to the Circuit Court of the United States for the Eastern District of Missouri.

D. W. Robert (E. S. Robert, on the brief), for plaintiff in error.

Richard A. Jones (Nathan Frank and David W. Voyles, on the brief), for defendants in error.

Before SANBORN, THAYER, and VAN DEVANTER, Circuit Judges.

THAYER, Circuit Judge. This case was before this court on a former occasion on a writ of error which was sued out by the H. D.

Williams Cooperage Company, the present plaintiff in error. H. D. Williams Cooperage Co. v. Scofield et al., 53 C. C. A. 23, 115 Fed. 119. The former hearing resulted in a judgment of reversal for reasons fully stated in the opinion. The second trial, which was conducted in substantial conformity with the views that were expressed in our previous decision, resulted in a second verdict in favor of Scofield et al., the plaintiffs below, whereupon the H. D. Williams Cooperage Company, the defendant below, sued out another, the present writ of error. The circumstances which gave rise to the controversy are fully stated in our former opinion, to which reference is hereby made, and this fact obviates the necessity of any further statement.

On the present occasion the plaintiff in error complains principally of the refusal of one of four instructions which it requested the trial court to give. An inspection of the record discloses, however, that it did not take an exception on the trial to the refusal of the particular instruction which it now insists should have been given, but that it took an exception in gross to the refusal of the four instructions. This court has held on at least two occasions that an exception taken in gross to the refusal of numerous instructions will not be noticed on appeal if some of the instructions so refused were erroneous or superfluous. The same reasons which have influenced the courts to hold that they will not notice an exception taken in gross to an entire charge or to a long excerpt from a charge embodying several propositions of law, if any of the propositions are sound, applies with equal if not greater force when a long list of instructions enunciating different propositions of law are asked and refused, some of which are unsound or superfluous, and an exception is taken in gross to the refusal of all. Hodge v. Chicago & Alton Railway Company, 121 Fed. 48, 52, 57 C. C. A. 388; Railway Company v. Spencer, 18 C. C. A. 114, 71 Fed. 93; New England Furniture & Carpet Company v. Catholican Company, 24 C. C. A. 595, 79 Fed. 294; Price v. Pankhurst, 3 C. C. A. 551, 53 Fed. 312; Association v. Lyman, 9 C. C. A. 104, 60 Fed. 498. When counsel, on the trial of a case, merely say, as in the present instance, that they except to the court's action in refusing a series of instructions, they assert in substance that all of the instructions were proper and ought to have been given. The only question, therefore, which such an exception fairly presents on appeal is whether such contention, that all of the instructions asked ought to have been given, is well founded. We are of opinion that counsel should challenge the attention of the trial judge to each separate proposition of law which they see fit to submit, when numerous declarations of law are requested, and that they should obtain a distinct ruling on each proposition, as well as the allowance of an exception with respect to such action as may be taken, provided they intend to take advantage of such action on appeal. The practice that is sometimes pursued, of tendering a long list of instructions to a trial judge, and, after they are refused, saying, "we except to the court's action," without pointing out to the trial judge the particular propositions of law that are deemed important, and securing an express ruling thereon, tends to occasion error that might otherwise

be avoided, and ought to be discouraged. Some of the instructions which were refused in the present instance were clearly unnecessary, because the substance thereof was embodied in the general charge. Counsel for the plaintiff in error do not even contend on appeal that all of them ought to have been given, or that a material error was committed in not giving them. They insist, however, that one of the instructions embodied a proposition of law which should have been given. That instruction was as follows:

"The court instructs you that, under the agreement between the plaintiffs and the defendant, the defendant was not obliged to furnish the plaintiffs with all of the barrels which they needed for their business during the year 1899, but only with the new barrels which plaintiffs needed, and that the burden of proving the number of new barrels which the plaintiffs needed is upon them, and, if they have failed to prove the number of new barrels as distinguished from the number of secondhand barrels needed and used by them after the defendant refused to make further deliveries, your verdict must be for defendant."

The contract, for the breach of which this action was brought against the cooperage company, bound it to furnish the plaintiffs below with their "entire requirements * * * for new barrels during the year 1899." It had been the usual practice of the plaintiffs, when they sold barrels containing oil, to repurchase the barrels, when they were emptied, from their customers, although the latter, as it seems, were under no obligation to sell them to the plaintiffs if they saw fit to use them themselves or sell them to other persons. The instruction in question enunciated the proposition that the plaintiffs could not recover if they had failed to prove the number of "new barrels needed and used by them" after the cooperage company had refused to furnish barrels as ordered. Counsel for the cooperage company contend that the plaintiffs had no right, under the contract, to call on it to furnish them with new barrels simply because the price of new barrels, as fixed in the contract, became less than the price demanded by their customers for secondhand barrels. They further urge, in substance, that, to entitle plaintiffs to recover, it was their duty to show how many secondhand barrels they might have obtained by paying the enhanced price, and that they were only entitled to recover damages on account of the new barrels in excess of the number of secondhand barrels that might have been bought, which they "needed or used." We cannot assent to the foregoing proposition. Aside from the fact, heretofore mentioned, that a proper exception was not taken to the refusal of the aforesaid instruction, we think that it was properly refused. In its charge the trial court instructed the jury that, if they found the cooperage company was guilty of a breach of contract as charged in the complaint, they should assess the plaintiffs' damages "at that amount or sum of money that you find they were reasonably and necessarily required to expend, over and above the contract price as fixed in the contract read to you, in order to secure either new barrels, or others of no greater value than the new barrels contracted for, to meet their reasonable business requirements during the term of the contract in question." We are of opinion that this instruction was founded upon a correct view of the contract, and that it prescribed the correct

rule for the assessment of the plaintiffs' damages. By the provisions of the agreement the cooperage company had bound itself, in substance, to supply the plaintiffs with such new barrels as they found it necessary to purchase during the year 1899 to meet the ordinary requirements of their business, and to furnish them at a certain fixed price. It is probably true that the cooperage company did not expect that the plaintiffs would order new barrels from it, provided they could obtain suitable secondhand barrels at a less price, but they did not bind the plaintiffs to buy secondhand barrels in lieu of ordering new barrels when they could be obtained at any price. It is fair to presume that the contract was entered into on the assumption that the plaintiffs would conduct their business in the ordinary way, and that new barrels would be ordered whenever the contract price was less than the market price of old barrels. In that event their business requirements would demand the purchase of new rather than old barrels because they were cheaper. If this was not the view which was entertained when the contract was entered into, the opposite view, that new barrels should not be ordered when secondhand barrels could be obtained at any price, ought to have been clearly expressed. We are of opinion, therefore, that the lower court was right in declaring the measure of damages to be such a sum as was necessarily expended by the plaintiffs in excess of the contract price in securing new barrels, or others of no greater value, that were needed to meet their reasonable business requirements during the year 1899.

We find no occasion to reverse the second judgment in favor of the plaintiffs in this case, and it is accordingly affirmed.