OTIS ELEVATOR CO. v. LUCK.

(Circuit Court of Appeals, Ninth Circuit. February 3, 1913.)

No. 2,157.

1. MASTER AND SERVANT (§ 288*)—INJURIES TO SERVANT—DEFECTIVE APPLIANCES—ASSUMED RISK.

Plaintiff, while spreading gravel at the bottom of an elevator well in the installation of an elevator, was injured by the fall of the dirt bucket due to the defective character of the hook by which it was attached to the cable. Plaintiff's duties were confined to work at the bottom of the well, including the removal of the bucket from the hook and replacing it as each load was received. There was nothing in the character of his work to direct his attention to the fastening or structure of the hook, and he did not in fact know that it was defective. *Held*, that plaintiff did not assume the risk of the defect as a matter of law.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 1068–1088; Dec. Dig. § 288.*

Assumption of risk incident to employment, see note to Chesapeake & O. R. Co. v. Hennessey, 38 C. C. A. 314.]

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

2. MASTER AND SERVANT (§ 235*)—TOOLS—DUTY TO INSPECT.

A servant is not required to exercise care in inspecting tools before he starts to use them, being entitled to assume that the master has exercised reasonable diligence to provide suitable tools unless the servant knows that the duty has not been performed or the fact is obvious.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 710–722; Dec. Dig. § 235.*]

3. MASTER AND SERVANT (§ 270*)—SIMILAR ACCIDENT—DEFECTIVE APPLIANCE.

Plaintiff, while assisting in the construction of a plunger elevator well, was injured by the fall of a dirt bucket due to the defective character of the hook by which it was attached to the cable. Defendant had installed in the preceding 15 months but two plunger elevators before installing the one in question, and the same hook had been used for all. *Held*, that evidence, that in constructing a well for one of such elevators 15 months before the accident to plaintiff a similar accident happened to another employé due to the defectiveness of the same hook, was admissible to show that the appliance was defective.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 913–927, 932; Dec. Dig. § 270.*]

4. EVIDENCE (§ 145*)—MATERIALITY—REMOTENESS.

Such evidence was not objectionable for remoteness.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. § 434; Dec. Dig § 145.*]

5. TRIAL (§ 282*)—EXCEPTIONS—EFFECT.

An exception to the refusal "to give defendant's requested instructions in the form asked" was insufficient to call the court's attention to any particular error involved in the refusal to give the instructions and was not available if any of the instructions requested were erroneous or superfluous because covered by the charge given.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 695, 696; Dec. Dig. § 282.*]

6. TRIAL (§ 252*)—INSTRUCTIONS—REQUESTS TO CHARGE—APPLICABILITY TO EVIDENCE.

Where, in an action for injuries to a servant, it was assumed throughout the trial and in the instructions that the proximate cause of plaintiff's injury was defendant's act in supplying a defective hook, and there was no attempt to show that it was anything else, a request to charge, that in order to recover the jury must find that defendant's negligence as charged in the complaint was the proximate cause of the accident, etc., was superfluous.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 505, 596–612; Dec. Dig. § 252.*]

In Error to the District Court of the United States for the District of Oregon; R. S. Bean, Judge.

Action by Christian Luck against the Otis Elevator Company. Judgment for plaintiff, and defendant brings error. Affirmed

The defendant in error brought an action against the plaintiff in error to recover damages for personal injuries. For convenience the parties will be designated herein as they were in the court below. The plaintiff was employed by the defendant to assist in installing a plunger elevator in a building. In doing this, it was necessary to dig a well some 86 feet in depth, and to construct a tubular casing therein. After the casing was placed in the well, it was necessary to fill the well around the casing with earth and gravel, which was let down into the well by means of an iron bucket attached to a cable. The negligence alleged was that the defendant carelessly and negligently used, for the purpose of attaching the bucket to the cable, an unsuit-

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

able and unsafe iron hook, which permitted the bucket when striking the casing to become detached from the hook, and the complaint alleged that, as the result of such negligence, the bucket slipped off the hook and fell upon the plaintiff, while he was working in the well. The answer denied negligence, and alleged as a defense that the plaintiff was foreman in charge of the work, and in charge of the tools and appliances used therein, and that it was his duty to inspect the same and to see that they were safe and suitable for the work, that the plaintiff selected the hook which was in use, and that he was guilty of contributory negligence in so doing. The second defense was that the act of negligence was that of a fellow servant in carelessly and negligently fastening the hook on the bucket. ' The third defense was assumption of risk. The reply denied the affirmative defenses. The jury returned a verdict for the plaintiff for $7,000.

Griffith, Leiter & Allen, of Portland, Or., for plaintiff in error.
C. W. Fulton, of Portland, Or., for defendant in error.

Before GILBERT, ROSS, and MORROW, Circuit Judges.

GILBERT, Circuit Judge (after stating the facts as above). [1] Error is assigned to the refusal of the court below to instruct the jury to return a verdict for the defendant. The contention that this was error is based on the evidence, which it is claimed showed that the plaintiff assumed the risk, and that he was bound to take notice of the obviously dangerous and defective character of the hook. The plaintiff in his testimony denied that he was the foreman of the defendant, or had charge of its appliances, and testimony of others was adduced to corroborate him. There was evidence that his duties were confined to work at the bottom of the well, and that he did no work outside of the well, that he simply took care of the dirt when it was lowered into the well, and saw that it was securely stowed and filled in and around the casing. In so doing he had occasion to remove the bucket from the hook and replace it as each load was received. It does not appear that there was anything in the character of his work necessarily to direct his attention in any special way to the fashion or structure of the hook.

[2] The law does not require a servant to exercise care in inspecting tools before he goes to work. with them. He has the right to assume that his master has exercised reasonable care and diligence to provide suitable appliances, unless he knows, or the fact is obvious, that the duty has not been performed. The trial court would not have been justified in holding as a conclusion of law that it was obvious to the plaintiff that the duty had' not been performed with reference to this hook. The plaintiff had testified that he thought the hook perfectly safe; that it never crossed his mind that the hook might slip off. He testified:

"Mr. Shepard had that hook made, and that was the hook that was going to be used there, and I thought he knew everything about it—that the hook was safe."

Another employé testified that he had worked with the hook for a time with full confidence that it was safe to use it, but that he had finally become apprehensive. But he did not impart his doubts to the plaintiff. In view of all the evidence, it should not be held that the

plaintiff assumed the risk, and the court below committed no error in refusing to instruct the jury to return a verdict for the defendant.

[3, 4] It is contended that the court erred in admitting testimony of a prior similar accident. One Taylor testified that in October or November, 1908, 15 months before the accident to the plaintiff, he was in the employment of the defendant, engaged in installing a plunger elevator in a building, and was digging the shaft; that the same hook was used on that work as on the plaintiff's work; and that on one occasion, while the bucket was descending, it came off the hook and fell upon him. It is contended that the testimony was incompetent, that the evidence did not disclose that the conditions were the same, and that the circumstance was too remote. But it does sufficiently appear from the evidence that the conditions were substantially the same. The defendant had installed in all but two plunger elevators before installing that in which the accident occurred, and the testimony was that the hook used by the plaintiff was the same hook that was used when Taylor was injured. It is true, there was some conflict in the testimony as to whether or not the hook was in the same condition on both occasions. One Hyde, an employé of defendant, testified that he had had the hook made, and that it was a safe hook when he turned it over to the defendant, that he next saw it when he was working on the job on which the plaintiff was injured, and that then it had spread, that the defendant's superintendent told him it had been sent to the shop to make it spread, because it was too hard to unhook, but the superintendent denied this, and testified that no change had been made, and that the hook was the same as when Hyde turned it over to the defendant. But it is said that the evidence of the accident to Taylor is too remote in time. In certain classes of cases, no doubt evidence of an injury occurring 15 months prior to the accident in question is open to objection as too remote; but there is no reason why it should be held too remote in a case such as this. There was evidence that the hook was the same, and in the same condition. It was an iron "pigtail" hook, with a single turn. In its nature it was not a device that was subject to change. The testimony was admitted only as tending to show that, at the time of the injury to the plaintiff, a defect existed in the hook. As to such an appliance, a similar accident occurring 15 months before was just as instructive as to its defective condition as one which occurred 15 days before. While not admissible to show negligence itself, by the decided weight of authority, evidence of other accidents or injuries occurring from the same cause is admissible to show that a defect in the appliance existed. 29 Cyc. 611; District of Columbia v. Armes, 107 U. S. 519, 2 Sup. Ct. 840, 27 L. Ed. 618; Chicago & N. W. Ry. Co. v. Netolicky, 67 Fed. 665, 14 C. C. A. 615; City of Winona v. Botzet, 169 Fed. 321, 94 C. C. A. 563, 23 L. R. A. (N. S.) 204; McCarragher v. Rogers, 120 N. Y. 526, 24 N. E. 812; Shea v. Glendale Elastic Fabrics Co., 162 Mass. 463, 38 N. E. 1123; Findlay Brewing Co. v. Bauer, 50 Ohio St. 560, 35 N. E. 55; Chicago Great Western Ry. Co. v. McDonough, 161 Fed. 657, 88 C. C. A. 517.

[5] Error is assigned to the refusal of the court to grant certain instructions requested by the defendant. These instructions are four in number, and relate to different phases of the case. The exception taken was to the refusal "to give the defendant's requested instructions in the form asked." This was not sufficient to direct the attention of the court to any particular error involved in the refusal to give the instructions. The court gave general instructions, presumably on all the features of the case. If there was any omission to instruct as to any question of law or fact involved, it was the duty of the defendant to point it out, that the court might have the opportunity to remedy the defect. This is the object and purpose of exceptions to instructions. An exception taken in gross to the refusal to grant several instructions will not be noticed on appeal if any of the instructions was erroneous or superfluous because covered by the charge which was given. Baggs v. Martin, 108 Fed. 33, 47 C. C. A. 175; St. Louis Brewing Ass'n. v. Hayes, 107 Fed. 395, 46 C. C. A. 371; Kaufman v. United States, 113 Fed. 919, 51 C. C. A. 549; Hodge v. Chicago & A. Ry. Co., 121 Fed. 48, 57 C. C. A. 388; H. D. Williams Cooperage Co. v. Scofield, 125 Fed. 916, 60 C. C. A. 564; Southern Pacific Co. v. Hetzer, 135 Fed. 272, 68 C. C. A. 26, 1 L. R. A. (N. S.) 288.

[6] One of the four instructions so requested by the defendant was this:

"If you find that defendant was negligent as charged in the complaint, before plaintiff can recover in this action, you must further find that defendant's negligence was the proximate cause of the accident, that cause which conduced directly to the accident, without which the accident would not have occurred."

There was no occasion whatever to instruct the jury on the proximate cause of the accident. The evidence showed, and it was assumed throughout the trial, and in the instructions of the court, that the proximate cause was the act of the defendant in supplying a defective hook. There was no attempt to show that it was anything else. It was not a case in which there was a combination of several causes. The court charged the jury:

"The law is that an employer is required to exercise reasonable care and diligence to provide his employé or employés with reasonably suitable tools and appliances to work with, and it was therefore the duty of the defendant in this case to exercise reasonable care and caution to provide suitable appliances with which to handle this bucket, and if it did not do so, and by reason of that fact the bucket fell and injured the plaintiff without any fault on his part, it would be liable to him for such injury."

No exception was taken to this portion of the charge, nor to other portions in which the court properly instructed the jury as to all the features of the case. The court instructed them that it was for them to determine whether the hook was reasonably suitable for the purpose for which it was used, that negligence was not to be imputed from the fact of the accident, but that the burden of proof was on the plaintiff to show by a preponderance of the testimony that the hook was not suitable, and the court, with proper instructions, left to the jury the decision of the question whether the accident occurred

through the negligence of a fellow servant, whether the plaintiff was guilty of contributory negligence, and whether he assumed the risk. Such being the case, the first requested instruction would have been superfluous and inappropriate, and the defendant cannot complain therefore that there was error in denying any of the instructions so requested.

We find no error.

The judgment is affirmed.