### BRACKEN v. UNION PAC. RY. CO.

(Circuit Court of Appeals, Eighth Circuit. May 29, 1893.)

#### No. 157.

1. WRITS—SERVICE BY PUBLICATION—FEDERAL COURTS.
   The mode provided by congress (Supp. Rev. St. 1874–91, p. 84) for giving
   the federal courts jurisdiction over an absent defendant by publication is
   exclusive of any other mode; and where the requirements of this provi-
   sion are not complied with the court acquires no jurisdiction, and its judg-
   ment in the action is absolutely void, though publication was made in
   the mode provided by the statutes of the state in which such court sits.

2. APPEAL—REVIEW—OBJECTIONS NOT PROPERLY TAKEN.

 Exceptions taken to the charge of the court after the jury have retired to consider their verdict will not be considered on proceedings in error.

3. EJECTMENT—EVIDENCE—ADVERSE POSSESSION.

 Where defendant in ejectment claims by adverse possession, it is admissible for plaintiff to show that there was a traveled road across the land, and nothing to prevent stock from straying upon it, and that persons other than defendant cut hay on the land.

In Error to the Circuit Court of the United States for the District of Nebraska. Reversed.

C. S. Montgomery, for plaintiff in error.

John M. Thurston, (W. R. Kelly and E. P. Smith, on the brief,) for defendant in error.

Before CALDWELL and SANBORN, Circuit Judges, and THAYER, District Judge.

CALDWELL, Circuit Judge. This is an action of ejectment brought by the Union Pacific Railway Company against James A. Bracken to recover the possession of a half section of land in Merrick county, Neb. It is not controverted that the plaintiff acquired the legal title to the land under a patent issued to it by the United States in 1875. In addition to a general denial of the averments of the plaintiff's petition, the answer alleged that the defendant acquired title to the land under two tax deeds, one dated September 21, 1875, for one-half of the land, and the other dated January 31, 1876, for the other half, and open, notorious, public, exclusive, and continuous adverse possession of the same from the date of said deeds down to the commencement of the action, and pleaded the statute of limitations of 10 years. It is conceded the tax deeds were ineffectual to pass the legal title to the land. The real controversy in the lower court was over the question whether the defendant had had the requisite possession of the land for the length of time required to bar the action under the statutes of Nebraska. Upon this issue the plaintiff offered, and the court admitted in evidence, over the objection of the defendant, what purported to be the record of a judgment of the circuit court of the United States for the district of Nebraska in an action of ejectment between the parties to this suit for the land here in controversy, wherein it was adjudged that the plaintiff in that action, the Union Pacific Railway Company, recover of the defendant therein, James A. Bracken, the possession of the premises in controversy, and that process issue to put the plaintiff in possession of the same. The plaintiff also offered, and the court admitted in evidence, over the objection of the defendant, a writ of possession issued on said judgment on the 10th day of July, 1890, commanding the marshal of the district to remove the defendant in said action from said premises, and to put the plaintiff in possession thereof, and the marshal's return thereon, which was as follows: "I hereby certify and return that I received this writ on the 10th day of July, A. D. 1890, and I have served the same in

Merrick county, state and district of Nebraska, by causing the defendant to forthwith remove from the within-described premises, and by placing the plaintiff in possession of the same." It appears from the record offered in evidence that on the 10th day of February, 1880, 'the plaintiff in this suit filed in the circuit court of the United States for the district of Nebraska a petition in an action of ejectment against the defendant in this suit, asking judgment for the land here in controversy. No summons was issued in the case. An affidavit of the plaintiff's attorney was filed with the petition, alleging that the defendant was a nonresident of the state and district of Nebraska, and that service of summons could not be had upon him in the district. Thereupon the plaintiff published in a newspaper a notice, signed by it, directed "to the said J. A. Bracken, nonresident defendant," stating that said petition had been filed, and that unless the defendant appeared and answered the same by the 26th day of April, 1880, judgment would be rendered against him. This notice was published four consecutive weeks. The defendant did not appear to the action, and, without other notice or service of process on the defendant, the court, on the 8th day of May, 1880, rendered by default the judgment which was introduced in evidence.

It is claimed in the brief of the defendant in error that the proceedings to obtain service on the defendant by publication conformed to the practice in the state courts in like cases under the statutes of Nebraska. Whether this claim is well founded or not we need not inquire. It is certain that they did not conform to the requirements of the act of congress which authorizes service on absent defendants in certain cases by publishing an order of the court directing them to appear. 18 Stat. 472, c. 137, § 8; Supp. Rev. St. U. S. 1874–91, p. 84, c. 137, § 8. State statutes regulating the manner of bringing in absent defendants by publication are not applicable to the federal courts. The mode provided by the act of congress for acquiring jurisdiction over an absent defendant by publication is exclusive of any other mode, and to render such service effectual the requirements of the statute must be strictly pursued. In this case there was a total failure to comply with the requirements of the act of congress. There was no order of the court directing the defendant to appear by a designated day; there was nothing to show that such an order, if made, could not have been personally served on the defendant and the person in possession of the property; and no such order was published for six consecutive weeks as required by the act. All that was done was to publish a notice, signed by the plaintiff, for four consecutive weeks, warning the defendant to appear. The court by this proceeding acquired no jurisdiction in the case, and its judgment and all proceedings had thereunder, including the writ and return thereon, were nullities, and inadmissible in evidence for that reason.

In the brief of the counsel for the defendant in error it is not suggested that this was a harmless error. On the contrary, the

contention in the brief is that this record "was in itself conclusive evidence that the continuity of the alleged adverse possession was broken;" that "in the eye of the law the judgment gave the plaintiff the possession itself;" that "it interrupted the running of the statute," and the plaintiff thereafter remained in possession as a mere trespasser; and that the marshal's return on the writ imports verity and cannot be contradicted. It is highly probable the defendant in error did not, on the trial of the cause before the jury, claim any less benefits from this record than are claimed for it in this court. Referring to the return on the writ, the court told the jury: "That would show that the plaintiff went into possession. That fact must be considered." From the importance attached to this evidence and the claims based on it by the plaintiff and the trial court it is quite clear to our minds that its admission was prejudicial to the defendant.

Several assignments of error relate to the court's charge to the jury. The bill of exceptions states that "the defendant's attorney gave notice in court that he desired to have exceptions noted to the charge of the court, and to certain portions of the same, but not in the presence of the jury, nor until after the jury had retired to consider the verdict." Exceptions taken to the charge of the court after the jury have retired to consider their verdict will not be considered by this court. Price v. Pankhurst, 53 Fed. Rep. 312, 3 C. C. A. 551.

It is assigned for error that the court permitted the plaintiff to show that there was a traveled road across the land, and that there was nothing to prevent stock from straying upon it, and that persons other than the defendant cut hay upon the land. We see no objection to this testimony. The question at issue was the duration, nature, and quality of the defendant's possession of the land. The character of the possession could only be determined by showing the condition of the land, and the use made of it. The defendant claimed and exercised this right, and he could not object to the plaintiff's introducing in rebuttal any evidence having a tendency to show that his possession was not actual and exclusive. Any evidence tending to throw light on the nature, extent, and character of the defendant's possession was relevant.

It is assigned for error that the court did not specifically tell the jury that a single casual trespass upon the land by cutting hay and trespasses thereon by way of driving across it would not destroy the exclusive character of the defendant's possession, and that the court did not define to the jury with sufficient fullness and particularity the terms "adverse," "notorious," and "exclusive" possession, as applicable to the facts of the case. No exception was taken to the charge upon these grounds at the trial. If the defendant desired the jury instructed more fully and specifically on the points mentioned than was done by the court in its charge in chief, he should have preferred a request in due form, and at the proper time, for that purpose. For the error in admitting in evidence the void judgment, writ, and return the case is reversed and remanded, with instructions to grant a new trial.