### BRACKEN v. UNION PAC. RY. CO.

(Circuit Court of Appeals, Eighth Circuit. March 30, 1896.)

#### No. 676.

1. CHARGING JURY—RIGHT TO OBJECT.

A statute of Nebraska passed February 28, 1881, defined the meaning of cultivated lands as including "forest trees * * * planted on said land, and also all lands surrounded by a plowed strip, not less than a rod in width." In an action of ejectment for lands in Nebraska, defended on the ground of adverse possession, the court instructed the jury, at the defendant's request, that cultivated lands "since February 28, 1881," included the various descriptions of land described in the statute, and that, if the land in question had been cultivated by the defendant in the manner so described for 10 years (the statutory period), openly and adversely, their verdict must be for the defendant. In another part of the charge, the court said that, down to the time of the passage of the act of 1881, plowing a strip around the land would not make possession, to put other parties on their guard. *Held*, that these instructions, as to the effect of plowing a strip, were the same in legal effect; and being the defendant's theory of the law, whether right or wrong, he could not complain of its adoption by the court.

2. SAME—APPLICATION OF STATEMENTS.

While discussing defendant's claim to possession, under the terms of the act of 1881, the court, in its charge, said that, if the defendant had plowed the land every year for 10 years, he was entitled to a verdict; otherwise, not. *Held* that, as the court elsewhere stated the true rule independently of the act of 1881, this expression did not exclude consideration of evidence tending to show possession independently of that act,

but must have been understood as referring only to the particular point under discussion.

3. ADVERSE POSSESSION—WHAT IS.
    Adverse possession must be adverse to all the world, not merely to a plaintiff who sues for the land.

In Error to the Circuit Court of the United States for the District of Nebraska.

Carroll S. Montgomery (Matthew A. Hall with him on the brief), for plaintiff in error.

. E. P. Smith (John M. Thurston and W. R. Kelly with him on the brief), for defendant in error.

Before CALDWELL, SANBORN, and THAYER, Circuit Judges.

CALDWELL, Circuit Judge. This is the second appearance of this case in this court. 12 U. S. App. 421, 5 C. C. A. 548, and 56 Fed. 447. The action was brought by the Union Pacific Railway Company against James A. Bracken, the defendant, to recover the possession of a half section of land and damages for its detention. The defendant pleaded the Nebraska statute of limitations of 10 years, which read as follows:

"An action for the recovery of title or possession of lands, tenements or hereditaments, can only be brought within ten years after the cause of such action shall have accrued." Code Civ. Proc. § 6.

Another statute of that state, approved February 28, 1881, reads as follows:

"That cultivated lands within the meaning of this act shall include all forest trees, fruit trees and hedge rows, planted on said lands, and also all lands surrounded by a plowed strip not less than a rod in width, which strip shall be plowed at least once a year." Comp. St. Neb. c. 2, art. 3, § 8; Laws 1881, pp. 64, 65.

The errors assigned relate chiefly to the court's charge. We have read very carefully all the instructions given in the case, and we find that the portions of the court's charge upon which error is assigned are identical in legal effect with the instructions asked by the plaintiff in error, and given by the court.

At the request of the plaintiff in error, the court charged the jury, among other things, as follows:

"The court instructs the jury that cultivated lands since February 28, 1881, as defined by the statutes of Nebraska, include all forest trees, fruit trees, and hedge rows planted on said lands, and also all lands surrounded by a plowed strip not less than one rod in width, which strip shall be plowed at least once a year."

"The court instructs the jury, if they find from the evidence that the land in controversy was cultivated in the manner above defined, by the defendant, Bracken, either personally or through his agent or tenants, for ten years or more prior to the commencement of this action, provided such cultivation of said land was open, notorious, exclusive, adverse, and continuous for the said period of ten years, they will find for the defendant."

"The court instructs the jury that it is the occupancy or possession of lands with intent to claim the same against the true owner which renders the entry and possession adverse. If, therefore, you find from the evidence that the defendant entered and took possession of the lands in controversy intending to claim the same against the plaintiff, and that the defendant maintained such possession openly, notoriously, exclusively, adversely, and

continuously as against the plaintiff for more than ten years at any time prior to the commencement of this action, then your verdict must be for the defendant."

The first exception relates to a paragraph of the charge in which the court told the jury that, "down to the time of the passage of that act [1881], the breaking of the land or strip a rod wide, as the law provides, around the land, would not make possession so as to put other parties on their guard, I think." This statement of the law is a repetition in legal effect of the charge given by the court at the request of the plaintiff in error. The theory of the court and of the plaintiff in error as to the legal effect of plowing a strip a rod wide around the land, prior to the passage of the act of 1881, were the same. This is shown from a statement in the brief of the plaintiff in error, wherein it is said: "It was not at any time insisted that the breaking of the land constituting the fire-break was alone sufficient to establish adverse possession in the plaintiff in error, prior to the act of 1881." Right or wrong, the plaintiff in error cannot complain because the court adopted his theory of the law in charging the jury.

Referring to the claim of the defendant that he had acquired title by possession under the act of February 28, 1881, the court told the jury that if they found he had "plowed it every year for ten consecutive years, and that that time had fully run before the commencement of this suit, then, as I think, the defendant is entitled to a verdict; otherwise, not." Like expressions occur in other parts of the charge relating to the claim made under the act of 1881. It is objected against these expressions that they exclude from the case the consideration of any testimony tending to show that the defendant had been in possession of the land for 10 consecutive years before the suit was brought, independently of any possession or right acquired under the act of 1881. The objection is not tenable. In the paragraphs of the charge excepted to on this ground, the court was speaking specifically of the claim made under the act of 1881. That the charge stated the law correctly, applicable to the claim made under that act, is not disputed. That act expressly requires that the "strip shall be plowed at least once a year." The rule, independently of the act of 1881, was stated in the requests of the defendant which the court gave, and which we have quoted.

The court told the jury that "the possession must be absolutely adverse. Then apply the rule here. The possession must have been held by Bracken adverse to all others, and his possession must have been adverse, open, notorious, for the said period of ten years." The specific objection to this paragraph of the charge is to the statement that the defendant's possession must have been "adverse to all others." It is said that his possession was sufficient if it was adverse to the plaintiff. "Adverse to all the world" (Pillow v. Roberts. 13 How. 472), or "against all persons" (Horbach v. Miller, 4 Neb. 31, 46, 48), or "against the true owner and all other parties" (Ballard v. Hansen, 33 Neb. 861, 864, 51 N. W. 295), are forms of expression defining the character of the possession essential to the acquisition of title to land by prescription which have the approval

of the supreme court of the United States. Ward v. Cochran, 150 U. S. 597, 14 Sup. Ct. 230.

The jury could not have misunderstood the character of the possession required to give the defendant title to the land by limitation. They were told, at the request of the plaintiff in error, "that permissive use of a temporary roadway by the public across lands," or "the going upon such lands by a third person accidentally or otherwise, not claiming to own the same, and not dispossessing the claimant in possession, even though such third person might cut hay upon the land, or temporarily use a portion thereof, does not destroy or modify the otherwise adverse, exclusive, and continuous character of the claimant's possession."

The overruling of a motion for a new trial cannot be made the basis of an assignment of error in this court. The finding of the jury upon the issues of fact is conclusive. The defendant did not ask for a peremptory instruction at the close of the whole evidence.

The judgment of the circuit court is affirmed.