WALDO et al. v. WILSON.

(Circuit Court of Appeals, Fourth Circuit. February 21, 1916.)

No. 1386.

1. TRIAL ⬅️11(2)—EQUITY JURISDICTION —TRANSFER FROM LAW SIDE.
There is no statute authorizing the court, where a suit for equitable relief is brought on the law side of the court, to transfer it to the equity side, and equity rule 22 (198 Fed. xxiv, 115 C. C. A. xxiv), providing for a transfer from the equity to the law side, does not authorize a transfer from the law to the equity side.
[Ed. Note.—For other cases, see Trial, Cent. Dig. § 29; Dec. Dig. ⬅️ 11(2).]

2. TRIAL ⬅️11(1)—EQUITY JURISDICTION—TRANSFER FROM LAW SIDE.
Judicial Code, § 274a, as added by Act March 3, 1915, c. 90, 38 Stat. 956, providing that, where a suit at law has been brought in equity or a suit in equity has been brought at law, the court shall order any amendments necessary to conform the pleadings to the proper practice, and any party shall have the right to amend, relates only to the power of the court in a case where a suit has been improperly brought either on the equity or law side, and authorizes amendments to have the pleadings conform to the proper practice.
[Ed. Note.—For other cases, see Trial, Cent. Dig. § 28; Dec. Dig. ⬅️ 11(1).]

3. TRIAL ⬅️11(1)—EQUITY IN JURISDICTION—TRANSFER FROM LAW SIDE— STATUTES.
Even if that section authorized a transfer of a suit in equity, improperly brought on the law side of the court, to the equity side, it could not relate back, so as to validate a transfer made before it was enacted.
[Ed. Note.—For other cases, see Trial, Cent. Dig. § 28; Dec. Dig. ⬅️ 11(1).]

4. ACTION ⬅️64—"COMMENCEMENT" OF EQUITY SUIT.
A suit in equity is begun by filing the original bill, not by the issuance of summons.
[Ed. Note.—For other cases, see Action, Cent. Dig. §§ 725–734; Dec. Dig. ⬅️64.
For other definitions, see Words and Phrases, First and Second Series, Commencement of Action.]

5. COURTS ⬅️335(1), 336—RULES OF PROCEDURE—STATE LAWS.
Rev. St. § 914 (Comp. St. 1913, § 1537), providing that the practice, pleadings, etc., in civil causes other than equity and admiralty causes, in the District Court, shall conform to those in like causes in the courts of record in the state, does not require the United States courts in the trial of equity and admiralty causes to conform to the procedure in like causes in state courts.
[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 899, 902, 903, 906, 907; Dec. Dig. ⬅️335(1), 336.]

6. COURTS ⬅️492—CONCURRENT JURISDICTION—INSTITUTION OF SUIT.
Where an action was instituted by the issuance of summons in the federal court, which was thereafter determined to be a suit in equity and ordered transferred to the equity side, the issuance of the summons could not be considered the beginning of the suit in equity, so as to give the federal court jurisdiction as against a suit in the state court begun between the issuance of the summons and the filing of the complaint.
[Ed. Note.—For other cases, see Courts, Cent. Dig. § 1345; Dec. Dig. ⬅️492.]

---

⬅️For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

**7. Courts ⬅️508(1)—Jurisdiction—Injunction Against State Courts**

The federal courts will restrain proceedings in a state court only to enforce a decree or judgment of a United States court, or against a party who, after jurisdiction over him and the cause was fully vested, resorted to proceedings in the state court necessarily in conflict with the jurisdiction of the United States court.

[Ed. Note.—For other cases, see Courts, Cent. Dig. § 1418; Dec. Dig. ⬅️508(1).]

Appeal from the District Court of the United States for the Western District of North Carolina, at Asheville; James E. Boyd, Judge.

Suit by W. L. Wilson against Frank Waldo and another. From an order of the District Court refusing to dissolve an injunction (221 Fed. 505), defendants appeal. Reversed, with instructions.

John S. Adams, of Asheville, N. C. (James H. Merrimon, of Asheville, N. C., on the brief), for appellants.

Julius C. Martin, of Asheville, N. C. (Martin, Rollins & Wright, of Asheville, N. C., on the brief), for appellee.

Before PRITCHARD, KNAPP, and WOODS, Circuit Judges.

PRITCHARD, Circuit Judge. This is an appeal from an order of the District Court of the United States for the Western District of North Carolina refusing to dissolve an injunction which had been granted to stay proceedings in a state court. The statement of facts by the learned judge who heard the case in the court below is as follows:

"There is no controversy about the facts. On the 28th of August, 1913, Wilson the present plaintiff, caused a summons to issue from the District Court of the United States at Greensboro, returnable to December term, 1913, at Greensboro. This summons called upon the defendants, Frank Waldo and Leonard Waldo, to appear at the said term and answer the complaint then to be filed; and said summons was served on the 3d of September, 1913; on the 30th of August, two days after the issuing of the summons from the United States court as above stated, Frank Waldo and Leonard Waldo procured a summons to be issued from the superior court of Graham county, returnable to an ensuing term, in which said summons W. L. Wilson, the plaintiff here, was made defendant. This summons was served on Wilson September 3, 1913. It is admitted that the subject-matter of both suits was a tract of land in the county of Graham, and it is also admitted that Frank Waldo and Leonard Waldo are nonresidents of the state of North Carolina, and W. L. Wilson, a resident of said state; and it is further admitted that the matter in controversy exceeds three thousand ($3,000.00) dollars, exclusive of interest and costs. At the December term, 1913, of the United States District Court at Greensboro, upon motion of the attorneys for the plaintiff, Wilson, the case was transferred to Asheville (Graham county being in that division), and thereafter on motion of plaintiff the cause was transferred to the equity side of the docket, and the plaintiff filed a bill seeking to remove a cloud from the title of the land in Graham county, which it was alleged existed by reason of certain title or interest which the defendants claimed. The plaintiffs in the state court suit filed their complaint in ejectment, and the defendant, Wilson, answered, setting up the fact that a suit, involving the same subject-matter between the same parties, had been instituted and was pending in the United States District Court, before the institution of the state court suit; a motion to dismiss, on that ground, was refused by the state court. The plaintiffs in the suit in the state court are about to proceed to try the case there, and now comes the motion for restraint as above stated. The defendants here oppose

the motion for injunction on the ground that the issuing of a summons in the federal court is the commencement of an action at law, and that the commencement of a suit in equity is by the filing of a bill, and thereupon the issuing of a subpoena in equity, returnable at rule day and not to a regular term; that, therefore, the suit pending here was not begun until the bill was filed. The question presented, therefore, is whether or not the summons, which Wilson caused to issue on the 28th of August, 1913, which was followed by a bill in equity, was the institution of a suit, which gave this court original jurisdiction. It is admitted that the subject-matter involved and the parties to both actions are the same."

This being a suit where the jurisdiction of the state and federal courts is concurrent, the decision hinges upon the question as to which court first acquired jurisdiction. It appears that the complaint filed by the plaintiff in the court below is in the nature of a bill in equity, and as such contains a prayer for equitable relief, notwithstanding it was instituted on the law side of the docket. The court upon a demurrer held that inasmuch as the complaint was in the nature of a bill in equity that it was improperly brought on the law side of the court, and thereupon transferred the same to the equity side. This raises the question as to whether the court under the law as it existed at that time had the power to make such transfer.

[1] After an exhaustive examination we fail to find any statute which authorizes the court in a case where, as in this instance, a suit for equitable relief is brought on the law side of the court, to transfer the same to the equity side. Equity rule 22 (198 Fed. xxiv, 115 C. C. A. xxiv) provides that where a suit commenced in equity should have been brought as an action on the law side of the court that:

"It shall be therewith transferred to the law side of the docket and there proceeded with, with only such alterations in the pleadings as shall be essential."

If this had been a suit improperly instituted on the equity side of the court, then the court would have had the right to transfer it to the law side of the docket; but this rule cannot be construed so as to authorize the court to transfer a case from the law side of the court to the equity side.

[2] It is insisted that the court below acted in pursuance of section 274a of the new Judicial Code, as amended by Act March 3, 1915, c. 90, 38 Stat. 956, in transferring this case to the equity side of the court. The section in question is in the following language:

"That in case any of said courts shall find that a suit at law should have been brought in equity or a suit in equity should have been brought at law, the court shall order any amendments to the pleadings which may be necessary to conform them to the proper practice. Any party to the suit shall have the right, at any stage of the cause, to amend his pleadings so as to obviate the objection that his suit was not brought on the right side of the court. The cause shall proceed and be determined upon such amended pleadings. All testimony taken before such amendment, if preserved, shall stand as testimony in the cause with like effect as if the pleadings had been originally in the amended form."

This section relates only to the power of the court in a case where a suit has been improperly brought, either on the equity or the law side of the court, and provides that the same be amended so as to have the pleadings conform to the proper practice.

[3] Even if this section authorized the transference of a cause from the law to the equity side of the court it would not apply to the case at bar, and could not be construed as relating back so as to defeat the jurisdiction of the state court if it had already been acquired, inasmuch as it was enacted subsequent to the date of the institution of this suit and its transfer to the equity docket.

However, it is contended that even though the court was without power to transfer the cause to the equity side of the court, that inasmuch as the complaint, which is in the nature of a bill in equity, under the order of the court having been filed on the equity side of the court, it should be treated as a bill properly filed in equity, and that for the purpose of determining which court first acquired jurisdiction it should relate to the date of the issuance of the summons.

[4] The method by which a suit in equity may be instituted is very simple. Section 99 of Bates on Federal Equity Procedure, volume 1, which refers to this question, is as follows:

"A suit in equity in the Circuit Courts of the United States is commenced by the filing of an original bill in the clerk's office, and the issuance thereon of a subpœna, and its service upon the defendant and return. An equity rule provides that 'the process of subpœna shall constitute the proper mesne process in all suits in equity, in the first instance, to require the defendant to appear and answer the exigency of the bill'; and another equity rule provides that 'no process of subpœna shall issue from the clerk's office in any suit in equity until the bill is filed in the office'; and by another equity rule it is provided that 'upon the return of the subpœna as served and executed upon any defendant, the clerk shall enter the suit upon his docket as pending in the court, and shall state the time of the entry.' Under these rules which have the force of law, there is no suit 'pending in the court' until the subpœna has been actually served and executed upon the defendant and returned to the clerk's office; and this was substantially the English practice. It is said that 'this writ [the subpœna] must be issued and served upon all the parties defendant to a bill (except the Attorney General, who being an officer of the crown, always supposed to be present in court, is, as we have seen, merely attended with a copy of the bill), before a cause can be properly said to be commenced.'"

The Supreme Court of the United States in the case of Farmers' Loan, etc., Co. v. Lake St. Rd. Co., 177 U. S. 51, 20 Sup. Ct. 564, 44 L. Ed. 667, said:

"The contention that the jurisdiction of the state court first attached because, although the suit therein was not commenced till after the commencement of the suit in the federal court, the summons issued by the state court was served before the service of the writ of subpœna issued by the federal court, is not well founded. A suit in equity is commenced by filing a bill of complaint. Story's Equity Pleading (4th Ed.) § 7. * * *"

The learned judge who heard the case in the court below, in discussing this phase of the question, among other things, said:

"Under the North Carolina practice act, there is but one form of action, which is by summons. This act followed upon the abolition of the distinction between courts of law and courts of equity; and when parties are brought into court by summons, the plaintiff can file his complaint alleging a legal cause of action or an equitable cause of action, or can combine both as he may elect. The fact that the distinction between the courts of law and of equity has been abolished in North Carolina, and a practice adopted in accordance therewith, and the further fact that the distinction between the two jurisdictions is still preserved in the federal courts confronts us frequent-

ly with some difficulty. It, at least, occasionally occurs that a case removed from the state court to the federal court involves both a legal and an equitable cause of action, and when it comes into the federal court, of course, the case must be divided; or if a cause is commenced in the state court, which is based upon an equitable cause and is removed to the federal court although such cause was commenced by a summons, yet when it reaches the federal court it is docketed upon the equity side. With these conditions existing it is easily to be seen how readily the profession in this state can be confused to some extent in commencing actions in the federal court. Now, the United States statute provides that the federal courts shall adopt as near as may be, the practice in use in the states, in which such courts are held. Whilst this would not, perhaps, supplant the equity practice which prevails in the federal court, yet I think it is reasonable to conclude that, although a case was instituted by summons instead of the filing of a bill and the issuing of a subpœna, when the parties and subject-matter are brought within the jurisdiction of the court, it is then within the power of the court to retain the cause upon the law or transfer it to the equity docket, as may be necessary in order to fully administer the rights of the parties with reference to the subject-matter of the action."

[5] The law which provides that the practice in the federal courts shall conform as near as may be to the practice in the state courts is to be found in section 914 of the Revised Statutes (Comp. St. 1913, § 1537), and is in the following language:

"The practice, pleadings, and forms and modes of proceeding in civil causes, other than equity and admiralty causes, in the Circuit and District Courts, shall conform, as near as may be, to the practice, pleadings, and forms and modes of proceeding existing at the time in like causes in the courts of record of the state within which such Circuit or District Courts are held, any rule of court to the contrary notwithstanding."

There is nothing contained in this statute which requires the United States courts, in the trial of equity and admiralty causes, to conform to the practice, pleadings, forms and modes of procedure existing at the time in like causes in the state courts within which the District Court is held. Simkins, in his work entitled "A Federal Suit at Law," page 11, in referring to this section, says:

"It will be noticed that section 914 excludes from its operation suits in equity or admiralty. The blended system of pleadings in many of the states cannot be followed, wherein legal and equitable causes of action are permitted to be set up in the suit. The distinction between law and equity in the federal courts is one of substance, and not of form, and this must be kept in mind in framing the pleadings on the law side. McKemy v. Supreme Lodge, A. O. U. W., 104 C. C. A. 117, 180 Fed. 961; Lindsay v. First Nat. Bank, 156 U. S. 485, 15 Sup. Ct. 472, 39 L. Ed. 505; Courtney v. Pradt, 87 C. C. A. 463, 160 Fed. 562. * * *"

[6] In view of what we have said it follows that a mere transference of the cause from the law to the equity side of the court did not meet the requirements essential to the institution of a suit in equity so as to give the court the power to grant an injunction. Under the circumstances, the court should have dismissed the suit instituted on the law side of the court with leave to institute a suit on the equity side, and this could only have been done by filing a bill and issuing a subpœna as required by the equity rules.

In addition to what we have said, it also appears that, after the appellee had filed his complaint in the court below, he appeared in

the state court, where appellants had instituted suit against him, and there filed a demurrer and also an answer on the merits, setting up all that his complaint filed in the court below contained, and as a further defense to the action in that court he set up a claim of title by adverse possession, praying that he be adjudged the owner of the property involved in this controversy, thereby asking for affirmative relief. It is insisted by counsel for the appellants that this alone gave the state court jurisdiction. In view of what we have said already, we do not deem it necessary to express any opinion as to this phase of the question.

[7] The rule as to when the federal court will enjoin proceedings already instituted in a state court is clearly and concisely stated by Circuit Judge Pardee in the case of Oliver v. Parlin & O. Co., 105 Fed. 272, 45 C. C. A. 200:

"An examination of the cases which have attempted to follow French v. Hay [22 Wall. 238, 22 L. Ed. 854] and Dietzsch v. Hindekoper [103 U. S. 494, 26 L. Ed. 497] will show that in every well considered case, when an injunction restraining already instituted proceedings in a state court has been issued by a United States court, it was either based on a decree or judgment of the United States court which it was necessary and proper to enforce, or, if issued prior to judgment or decree, it was directed against a party who, after jurisdiction over him and the cause was fully vested, had resorted to proceedings in the state court necessarily conflicting with, if not ousting, the jurisdiction of the United States court."

We are of opinion that the state court first acquired jurisdiction of this controversy, and therefore the court below was without power to enjoin the parties from proceeding in the state court.

For the reasons stated, it follows that the court below erred in transferring the case to the equity side of the court, instead of dismissing the same; further, that the restraining order was improvidently granted by the court below. Therefore the decree of the lower court is reversed, with instructions to dissolve the restraining order.

Reversed.