### In re COCKFIELD.

### HUSBANDS v. ELAM.

(District Court, E. D. South Carolina. July 8, 1924.)

1. **Bankruptcy** ⬅️**300—Trustee's suit to set aside preference properly commenced by filing complaint and issuing subpœna ad respondendum.**

　　Trustee's suit to set aside mortgage constituting a preference, under Bankruptcy Act, § 67e (Comp. St. § 9651), may be commenced by filing a complaint and issuing a subpœna ad respondendum, and need not be commenced by a rule to show cause.

2. **Bankruptcy** ⬅️**293(2)—Trustee's suit to set aside preferential mortgage properly brought on equity side of court.**

　　Trustee's suit to set aside mortgage and subsequent conveyance on the ground that the mortgage constituted a preference under Bankruptcy Act, § 67e (Comp. St. § 9651), was properly brought on the equity side of the bankruptcy court.

3. **Trial** ⬅️**11(3)—Action at law, brought in equity, should be transferred to law side of court.**

　　Where action at law has been commenced by filing a complaint and issuing a subpœna ad respondendum, instead of by a summons, the court has jurisdiction, and should transfer the cause to the law side.

---

⬅️For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

4. **Bankruptcy ⊜⇒300—Bankruptcy court may adopt process usual in equity when case is on equity side, and process usual in court of law when case is on law side.**

Bankruptcy court may adopt and use the process usual in a court of equity when the case is on the equity side, and the process usual in a court of law when the case is on the law side.

5. **Courts ⊜⇒344—State statute and practice as to service inapplicable in trustee's suit to set aside mortgage constituting preference.**

In trustee's action to set aside mortgage and subsequent conveyance on the ground that the mortgage constituted a preference under Bankruptcy Act, § 67e (Comp. St. § 9651), the state practice and statutes as to method of service was not applicable, notwithstanding Conformity Act (Rev. St. § 914 [Comp. St. § 1537]), in view of Rev. St. § 913 (Comp. St. § 1536); the method of service prescribed by Judicial Code, § 57 (Rev. St. § 738 [Comp. St. § 1039]) being exclusive.

6. **Bankruptcy ⊜⇒300—Judicial Code, as to method of service, held applicable to trustee's suit to set aside mortgage constituting a preference.**

Judicial Code, § 57 (Rev. St. § 738 [Comp. St. § 1039]), prescribing the method of service in any suit "to enforce any legal or equitable lien upon or claim to, or to remove any incumbrance or lien or cloud upon, the title to real or personal property within the district where such suit is brought," *held* applicable to suit by trustee in bankruptcy to set aside mortgage executed by bankrupt and subsequent conveyance, on theory that mortgage constituted a preference under Bankruptcy Act, § 67e, as amended by Act Feb. 5, 1903, § 16, and Act June 25, 1910, § 12 (Comp. St. § 9651).

7. **Bankruptcy ⊜⇒300—Issuance of subpœna ad respondendum in trustee's action to set aside mortgage constituting preference held insufficient compliance with provision of Judicial Code as to method of service.**

In trustee's action to set aside mortgage and subsequent conveyance on theory that mortgage constituted a preference, the issuing of a subpœna ad respondendum *held* not a compliance with Judicial Code, § 57 (Rev. St. § 738 [Comp. St. § 1039]), providing for service on absent defendant or on person in possession of property, or by publication in such a suit, in view of Judicial Code, § 54 (Rev. St. § 741 [Comp. St. § 1036]).

8. **Bankruptcy ⊜⇒300—Trustee's suit against defendant in other jurisdiction to set aside preference not dismissed because of noncompliance with Judicial Code as to method of service.**

Action by trustee in bankruptcy against defendant in other district to set aside mortgage and subsequent conveyance on theory that mortgage constituted a preference in which a subpœna ad respondendum was issued will not be dismissed, because not in compliance with Judicial Code, § 57 (Rev. St. § 738 [Comp. St. § 1039]), prescribing method of service on such defendant, but the subpœna ad respondendum may be served at any time on defendant if he should come within the jurisdiction, or if he remains beyond the jurisdiction the court may at any time make the order required by such section 57.

In Bankruptcy. Suit by E. M. Husbands, as trustee in bankruptcy of the estate of Reamer L. Cockfield, bankrupt, against W. H. Elam. On defendant's motion for dismissal. Motion denied.

A. L. Hardee and W. Stokes Houck, both of Florence, S. C., for plaintiff.

Philip H. Arrowsmith, of Florence, S. C., for defendant.

ERNEST F. COCHRAN, District Judge. The plaintiff, as trustee in bankruptcy, filed his complaint in this court on two causes of action to set aside, under the provisions of section 67e of the Bankruptcy

Act (Comp. St. § 9651), a mortgage executed by the bankrupt to the defendant on certain real estate in this district and a deed subsequently executed by the bankrupt conveying the same property to the defendant, and to recover the property and subject the same to the debts of the bankrupt. Thereupon he had a subpœna ad respondendum issued, in the usual form of such subpœnas on the equity side of the court, the same being entitled "In Bankruptcy," and a copy was later personally served upon the defendant in the state of Virginia. Thereupon the defendant appeared for the sole and exclusive purpose of objecting to the jurisdiction of the court, and moved for an order rescinding and vacating the subpœna and vacating the alleged service thereof and dismissing the complaint on three grounds.

[1-3] The first ground is that the process of a subpœna ad respondendum is not the proper process of the court of bankruptcy in a case of this sort, but that the plaintiff should have proceeded by rule to show cause. The defendant contends that the proceeding should be by a plenary suit, and that a plenary suit should be commenced in bankruptcy cases of this nature by a rule to show cause, and not by filing a complaint and issuing a subpœna ad respondendum, if the case is in equity, or a summons, if the case is at law. The defendant's position is that the Bankruptcy Act contemplates expedition in the hearing of all causes in the bankruptcy court, and that, in order to avoid the delays of the usual process in equity or at law, the court should adopt the proceeding by rule to show cause, requiring the defendant to answer, and upon the issues made proceed expeditiously, but at the same time preserving all the substantial rights of the parties, and that the court, in order to accomplish the purposes of the Bankruptcy Act, should hold such proceeding by rule not only to be a "plenary suit," but the only form of "plenary suit" permissible in such cases. I cannot sustain this contention. It is conceded that a court of bankruptcy has the powers both of a court of law and a court of equity. The suit is to set aside a mortgage and subsequent conveyance of real property, and is properly brought upon the equity side of the bankruptcy court. Even, however, if the case is one at law, the court would still have jurisdiction, and the proper course would be to transfer it to the law side. Liberty Oil Co. v. Condon Bank, 260 U. S. 235, 43 Sup. Ct. 118, 67 L. Ed. 232; Equity rule 22.

[4] There can be no question of the power of a court of bankruptcy to adopt and use the process usual in a court of equity when the case is on the equity side, and the process usual in a court of law when the case is on the law side. General Order No. 37 in Bankruptcy clearly provides for the use of equity process by a court of bankruptcy. It may be that the court could, under the provisions of General Order No. 37, or under its general powers, adopt the proceeding by rule to show cause, and by preserving the substantial rights of the parties make such proceeding a "plenary suit," so as to fulfill the law, which requires a plenary suit in cases of this character. It is not necessary to decide that question now. There may be some doubt whether such a proceeding is a "plenary suit," but there can be no doubt that the proceeding by filing a complaint in bankruptcy on

the equity side and the issuing of a subpœna ad respondendum constitutes a plenary suit and fulfills all the requirements of such a suit. This objection, therefore, cannot be sustained.

[5] The defendant's second ground is that the service does not conform to the state statutes. His contention is that under the statutes of South Carolina, where a suit is brought to set aside a conveyance of land in this state, jurisdiction of a nonresident defendant can only be obtained by first obtaining an attachment of the property in question, followed by publication pursuant to order, or by personal service of the process beyond the state. I cannot accede to this view. If the question were to be determined by state law, I would be compelled to hold that the personal service upon the nonresident in this case would be sufficient, and a preliminary attachment neither necessary nor proper. See section 392, Code of Civil Procedure of South Carolina of 1922, vol. 1. On this point the defendant assumes, for the sake of argument, that the plaintiff is correct in his contention that the state practice is applicable under the Conformity Act. R. S. U. S. § 914 (Comp. St. § 1537). But the Conformity Act expressly excepts equity cases, and section 913, R. S. U. S. (Comp. St. § 1536), expressly provides that the process, forms, and modes of proceeding in equity shall be according to the principles, rules, and usages of the court of equity, except where otherwise provided by statute or rules of court made in pursuance thereof. It is unnecessary to cite the numerous cases which recognize and enforce this principle. See Boyle v. Zacharie, 6 Pet. 648, 8 L. Ed. 527; Waldo v. Wilson (C. C. A. 4th Circuit), 231 Fed. 658, 145 C. C. A. 540. Moreover, as I shall hereafter show in considering defendant's third ground of objection, Congress has provided a method of service in a case of this character and this method is exclusive. Therefore, having reached the conclusion that the state practice is not applicable, it is unnecessary to consider at length whether the service is in accordance with the state practice and statutes.

[6] This brings us to the third and most serious objection to the jurisdiction that the defendant has presented, and that is that the service does not conform to the requirements of section 57 of the Judicial Code (section 738, R. S. [Comp. St. § 1039]). The defendant concedes that this court as a court of bankruptcy has jurisdiction of suits of this character under section 67e of the Bankruptcy Act, as amended by Act Feb. 5, 1903, c. 487, § 16, 32 Stat. 800, and Act June 25, 1910, c. 412, § 12, 36 Stat. 842 (Comp. St. § 9651). Section 57 of the Judicial Code is applicable in any suit "to enforce any legal or equitable lien upon or claim to, or to remove any incumbrance or lien or cloud upon the title to real or personal property within the district where such suit is brought." The present suit is to set aside a mortgage and conveyance of real estate, and is therefore a suit to remove an incumbrance and cloud upon the title to real property, and is local in its nature. The Supreme Court of the United States has held that the section is applicable to suits to set aside conveyances and mortgages, and it is therefore clearly applicable to this suit. Citizens' Savings & Trust Co. v. Illinois Central, 205 U. S. 46, 27 Sup. Ct. 425, 51 L. Ed. 703; Mellen v. Moline Iron Works, 131 U. S. 352, 9 Sup. Ct.

781, 33 L. Ed. 178. Since Congress has legislated in section 57 of the Judicial Code upon the subject, the state practice and statutes are not applicable. The procedure prescribed by the act of Congress is exclusive and must be followed. Bracken v. Union Pacific Ry. Co. (C. C. A. 8th Circuit) 56 Fed. 449, 5 C. C. A. 548.

[7] There has been no compliance with the provisions of section 57 of the Judicial Code. No order was made by the court directing the absent defendant to appear and plead, nor was any such order served upon the defendant, nor upon the person in possession of the property, nor was there any publication. All that was done was to serve the subpœna ad respondendum upon the defendant in Virginia. The plaintiff argues, however, that when the court issued the subpœna ad respondendum, such subpœna ad respondendum being an order of the court (In re Simon [C. C. A.] 297 Fed. 942), the issuing of the subpœna would be a sufficient compliance with section 57 of the Judicial Code, and therefore personal service beyond the jurisdiction would be authorized. But I do not think this construction of the section is sound. If it had been the intention of Congress that the mere issuing of the subpœna would be sufficient to authorize service beyond the District in such cases, it would have been very easy for Congress to have so provided. See section 54, Judicial Code (R. S. U. S. § 741 [Comp. St. § 1036]), where specific provision is made for service of process in suits of a local nature on an absent defendant who resides in a different district in the same state. But, where the defendant resides beyond the district and in another state, Congress has provided that there should be an order of the court directing the absent defendant to appear, plead, answer, or demur by a date certain, to be designated, and I think this contemplates a special order before personal service in another state would be authorized so as to confer jurisdiction.

[8] The plaintiff has, however, requested that the cause be not dismissed, but that the plaintiff be given an opportunity to apply to the court for a special order under section 57 of the Judicial Code, in order that service may be had according to the terms of that section. The effect of this decision of the court is not to dismiss the proceeding. The ruling of the court simply is that the provisions of the federal statute have not been complied with, and therefore the court cannot proceed with the case until they are complied with. The complaint has been properly filed in the clerk's office, and a subpœna ad respondendum properly issued and may be served at any time upon the defendant if he should come within the jurisdiction; and if he remains beyond the jurisdiction, the court may at any time make the order required by section 57 of the Judicial Code. There is therefore no ground to dismiss the proceeding.

For these reasons, the court refuses to dismiss the proceeding, but declines to proceed with the hearing of the cause, until the plaintiff shall either have the subpœna ad respondendum properly served upon the defendant within the district, if he shall come within the district, or shall apply to the court and obtain an order for service under section 57 of the Judicial Code, and have such service made in accordance therewith.