## In re CUNNINGHAM.

### No. 14494.

District Court, D. Oregon.

March 24, 1930.

W. C. Winslow and W. W. McKinney, both of Salem, Or., for alleged bankrupt.

Wm. B. Layton and N. Ray Alber, both of Portland, Or., for petitioning creditors.

McNARY, District Judge.

The alleged bankrupt appears specially and moves to quash service of process for want of jurisdiction because made upon a Sunday.

Counsel supporting the motion contend that the service is invalid, as section 2086, Oregon Laws, provides that any civil process served upon a Sunday shall be void.

The question for consideration is whether the statute of this state shall govern.

Section 724, title 28, USCA (R. S. § 914), known as the Conformity Act, provides that "the practice, pleadings, and forms and modes of proceeding in civil causes, other than equity and admiralty causes, in the district courts, shall conform, as near as may be, to the practice, pleadings, and forms and modes of proceeding existing at the time in like causes in the courts of record of the State within which such district courts are held, any rule of court to the contrary notwithstanding."

This section expressly excepts equity and admiralty causes, in which the federal courts are not required to follow the state practice and procedure. Blease v. Garlington, 92 U. S. 1, 23 L. Ed. 521; Waldo et al. v. Wilson

(C. C. A.) 231 F. 654. There are many other authorities to like effect.

■ It is well settled that courts of bankruptcy are governed by the principles and rules of equity in their procedure, except where deviation is authorized by general order or by an act of Congress.

Rule 1 of the Rules of Practice for the courts of equity in the United States (28 USCA § 723) provides: "The District Courts, as courts of equity, shall be deemed always open for the purpose of filing any pleading, of issuing and returning mesne and final process," etc.

■ There is nothing in the rules of equity practice that prohibits the serving of process on a Sunday. The fact that the courts shall always be deemed open for the purpose of issuing and returning process would imply that service of process might be made at any time. As it is not made invalid by any statute of the United States or rule of equity practice, I am of the opinion that the service of process on Sunday is valid.

The only case that has been called to my attention bearing upon the question of the sufficiency of a Sunday service is Lamar-Wells Co. v. Hamilton Co. et al. (C. C. A.) 237 F. 54, in which service made on Sunday was held valid. Obviously the opinion in that case was based upon the ground that the Conformity Act did not apply to proceedings in bankruptcy, as the state of Texas at the time had a statute providing that no civil suit should be commenced nor process issue or be served on a Sunday.

The motion to quash will be overruled.