**THOMAS v. THOMAS et al.**

**Civ. A. No. 1787.**

District Court, W. D. Louisiana, Monroe Division.

May 14, 1946.

---

750

Jackson & Mayer and Edward S. Robertson, all of Shreveport, La., for plaintiff.

Sholars & Gunby, of Monroe, La., and Hunt & Guthrie and Cotton & Bolton, all of Rayville, La., for defendants.

DAWKINS, District Judge.

Plaintiff, suing as a citizen of Mississippi, alleges that she and the defendant, Arthur E. Thomas, were separated from bed and board by a judgment of the State Court for Richland Parish, Louisiana, on October 25, 1940. She prays for a partition of the property belonging to the community, with exception of 40' acres, which she alleges is omitted for the reason that both husband and wife had granted leases thereon, under which oil is now being produced.

Plaintiff further alleges that since the separation she has executed no documents conveying any interest in the community property, although there appears of record in said parish a deed bearing the same date as the judgment of separation (October 25, 1940), purporting to convey to her said husband, not only her one-half interest in the community property, but also a one-tenth interest in a part thereof, which came to her by inheritance and is therefore her separate estate. She alleges that any such transaction between husband and wife violates Article 1790 of the Louisiana Civil Code and is therefore null and void.

Plaintiff further alleges that on April 24, 1945, she leased to H. D. Lawrence, a citizen of Louisiana, all her interests in the N.E. ¼ of Sec. 35, E. ½ of E. ½ of S.E. ¼ of S.E. ¼ of Sec. 35, S. ½ of Sec. ¼ of Sec. 36, and N. ½ of Sec. ¼ of Sec. 36 (except 8.5 acres sold to McCoy) all in T. 17 N., R. 8 E. in Richland Parish; but that said Lawrence and Sun Oil Co., a New York corporation, one of the parties defendant, to whom her husband, Arthur E. Thomas, conveyed a mineral interest, have not been able to agree on the development thereof, and that said property is being depleted and the oil and gas and other minerals withdrawn therefrom; and further that her said husband did execute a mineral lease to Lamar Bryant conveying an "undivided one-half interest in all the oil, gas and minerals in and under all the lands hereinabove described and that" Reagan J. Caraway and some eight other residents and citizens of Dallas, Texas, are claiming some interest therein under Bryant. She alleges that all the property thus described constitutes a part of the community of acquets and gains existing between plaintiff and her husband.

The prayer of the bill asks the appointment of a notary to make an inventory of "all the property held in indivision between plaintiff and her husband" except the 40 acres leased to Lawrence by both, from

which production is being had. She prays merely for simple citation and service on all defendants; that she be decreed the owner in indivision of the one-half of the community property, and for partition by licitation.

Some ten days after filing the original bill plaintiff filed an amendment on February 26, 1946, adding C. H. Murphy, Jr., of El Dorado, Arkansas, as a defendant, for the reason that he too was alleged to be claiming an interest in the mineral rights of some of the property.

Motions to dismiss have been filed by Sun Oil Co., Reagan J. Caraway et al. of Texas, and by C. H. Murphy, Jr., a citizen of Arkansas, the principal grounds of which are that (1) the interest of plaintiff and Lawrence, the latter a citizen of this state, plaintiff's lessee, are the same, and that he should be aligned as a plaintiff, and that when this is done the court would be divested of jurisdiction because of the common citizenship of Lawrence to that of the principal defendant, Thomas; (2) that the action is barred by five years prescription provided in Article 3542 of the Louisiana Civil Code; (3) that the demand for partition is premature until the sale from plaintiff to her said husband, dated October 25, 1940, has been judicially set aside; and (4) the action is for a partition of a part only of the community property. In the alternative movers ask for a bill of particulars as to (a) whether plaintiff signed the deed to Arthur E. Thomas on October 25, 1940, (b) the date and time of signing, (c) place where signed, (d) purpose in signing, (e) the circumstances surrounding and under which she signed it.

Caraway and others also plead a failure to comply with Section 57 of the Judicial Code, Title 28 U.S.C.A. § 118, which they claim was necessary to bring them before the Court.

In his motion to dismiss, defendant, Thomas, the husband, pleaded (a) lack of capacity of plaintiff to stand in judgment, (b) that plaintiff makes no allegation of fact to justify the nullity of the deed by her to him of October 25, 1940, which is valid on its face, and hence, permits the introduction of no evidence thereon, and (c)

she is estopped by laches. In the alternative the husband also calls on plaintiff for a bill of particulars stating whether she admits signing the deed to him and the circumstances surrounding that transaction.

At the hearing correspondence was offered to show that the same counsel represented both the plaintiff and Lawrence, and that demands had been made upon one or more of the defendants accordingly.

If it be true that defendant, H. D. Lawrence, a citizen of Louisiana, must be transferred to the side of the plaintiff in this matter, then there would not be that diversity of citizenship between plaintiffs and defendants required by the law to give this court jurisdiction. The bill does allege that Lawrence and Thomas are both citizens of this state.

Prior to the passage of Act No. 205 of 1938, the owner or possessor of mineral leases or right upon real property had no standing to prosecute a possessory or petitory action for the protection thereof independently of the owner of the fee. Gulf Refining Co. of Louisiana v. Glassell, 186 La. 190, 171 So. 846. The statute is said to have been passed because of this decision. It classified mineral interests as "real rights and incorporeal immovable property" and declared that the same "may be asserted, protected and defended in the same manner as may be the ownership or possession of other immovable property by the holder of such rights * * *". Notwithstanding this Act, in Amerada Petroleum Corporation v. Reese, 195 La. 359, 196 So. 558, 564, it was held by the Supreme Court of Louisiana that the owner of an undivided interest in the fee of the land was entitled to sue for a partition, unless the contrary had been agreed upon, citing Articles 1289, 1297, 1299, 1304, 1307, 1308, 1311, and 1318 of the Louisiana Civil Code. It also held that the Act, No. 205 of 1938, did not give the owner or possessor of a mineral interest the right to bring an action for partition as could his lessor. The plaintiff in that case had sued to set aside a judgment of partition between the owners of the land, in order to protect and revive its mineral lease, on the ground that it had not been made a party to said suit; but the court decided the mineral holder was not a necessary par-

ty to nor could he prevent the partition by licitation, in an action between owners of the fee, where such rights were acquired from some but not all of the co-owners. The Supreme Court declined to pass upon the question of jurisdiction of the probate court, for the reason that it had not been raised in the lower Court, but pointed out that said court had both probate and general jurisdiction, and that the case in which the partition had been decreed was a "combination succession and partition proceeding" and it was properly brought as required by the Revised Civil Code. That decision was rendered on April 29, 1940, and a rehearing was denied May 27th of that year, at which time it became final.

Thereafter on July 21st following, the State Legislature passed Act No. 336 of 1940, amending Civ.Code, art. 741, which is copied in a footnote.[1]

This measure became the law of the state without the approval of the then Governor, who failed to act upon it within the time provided by the Constitution. It is reasonable to conclude therefore that the Legislature had become convinced that Act No. 205 of 1938 had not, in view of the Amerada case, supra, accomplished its purpose, and was determined to place beyond question the right of a mineral owner, of whatever character, to be heard in proceeding for partition between the fee owners. It accordingly required that he or they "shall

[1] Act No. 336.

"To amend and re-enact Article 741 of the Civil Code so as to protect the rights of all owners of mineral interests in lands sought to be partitioned by licitation; to define the term 'mineral interests'; and to provide who are the necessary parties to such proceedings, and the manner and procedure for appraisement of the property to be sold, and distribution of its proceeds equitably among all interested parties.

"Section 1. Be it enacted by the Legislature of Louisiana, That Article 741 of the Civil Code be amended and re-enacted so as to read as follows:

" 'In any suit for partition by licitation all parties having an interest in either the land or mineral interest shall be made parties thereto. If it be determined that the property be disposed of by licitation, and the grantor of a mineral interest, or his successor who may be responsible for his warranty, becomes the owner of the whole, such mineral interest as he may have previously granted covering the whole of the property shall thereafter exist on the entire estate as if he had been always the sole owner.

" 'But before the property shall be offered for sale, there shall be an appraisement thereof by a Notary and two appraisers appointed by the Court, in which appraisement there shall be, first, an appraisement of the entire estate as a whole and, second, a separate appraisement of the rights of each party holding a record mineral interest in the property or in any portion thereof, or in any undivided interest therein. Such appraisement shall be submitted to the Court for homologation, and the definitive judgment directing the sale of the property shall provide for an equitable division of the total price of the property as a whole to the interested parties in the proportion the interest of each bears to the whole.

" 'If by the licitation the estate be adjudicated to a third person, all mineral interests in the property shall become extinct, and the owners of such interest shall be relegated to the proceeds of the sale of the property for distribution or partition of the proceeds as hereinabove set out. But if the adjudication be to anyone who has granted in any way a mineral interest of any kind, such mineral interest shall ipso facto be perfected to the extent of the interest in the property acquired by such grantor.

" 'Provided, however, that the title to mineral interests in the property shall not be affected by any sale to effect a partition by licitation in any case where the title in and to the mineral interest may emanate from the whole of the co-owners of the land whether descending by single or separate title.

" 'The term "mineral interests", as hereinabove used, is hereby defined and shall mean any form of interest in minerals, whether it be oil, gas and mineral leases, or an interest in the mineral rights, or a royalty interest, or any other form of interest whatsoever in which minerals or mineral rights in the property may be affected.'

"Note—The foregoing Act having been submitted to his Excellency, Honorable Sam H. Jones, Governor of the State of Louisiana, for his approval or disapproval, and the same not having been acted upon within the time limit prescribed by the Constitution of this State, the same has become a law by limitation."

be made parties thereto." Hence, anyone holding such an interest from any of the co-owners of the fee is by this Act made an indispensable party; not only because of the explicit declaration of the law, but because of the very real and vital interest which it gives him in the proceeds, if the partition is by licitation, and to have that mineral interest attach to the realty, if acquired by his grantor; or, if a part only falls to the grantor to have such interest in the minerals transferred to that portion of the property.

It seems apparent therefore that the two acts together do more than confer upon the owners of the mineral interest the right to notice; they confer a substantial property right, which falls within the requirements of Sec. 57 of the Judicial Code, T. 28, § 118, U.S.C.A., as to the manner of bringing into the court the non-resident holder or owner of an interest in or lien upon property when an action of a local nature, such as this, is instituted. Admittedly, the plaintiff did not comply with this provision of the law, and the proceeding as to the non-resident defendants was therefore ineffective. Bracken v. Union Pac. R. Co., 8 Cir., 56 F. 447; Kent v. Honsinger, C. C., 167 F. 619; In re Cockfield, D.C., 300 F. 116. Plaintiff contends that the defense have waived the failure to follow that section of the Judicial Code, by pleading defenses to the merits, such as prescription, etc. However, Rule 12(b) of the Rules of Civil Procedure, 28 U.S.C.A. following section 723c, permits the joinder of such issues without prejudice. The cases cited by plaintiff in support of the contention arose before the adoption of these rules.

We come now to the question of the alignment of parties. Plaintiff's own petition discloses that the interest of Lawrence, whom she has made a defendant, arises out of and through whatever rights she herself may have in the property, and must depend upon the validity of any transfer by which she attempted to convey the same, whether by lease or by deed. He also has a vital interest, if the purchase is by licitation, and she acquires the same or any part of it, to have his rights attach thereto. On the other hand, his interest is adverse to that of the defendant husband, Arthur E. Thomas, to the end of having the deed of October 25, 1940, purporting to convey all interest. of the wife in the property to the husband, held invalid. It would seem, therefore, that there is no controversy between the plaintiff and Lawrence, but a very serious one between him and the defendant husband. It follows that his proper place in this litigation is on the side of plaintiff, and when this realignment is made, this court's jurisdiction will be lost, because he is a citizen of Louisiana, the same as Thomas.

Act No. 200 of 1944, amending and reenacting Article 155 of the Louisiana Civil Code, declares that "separation from bed and board carries with it separation of goods and effects." It further provides that if there afterwards be a reconciliation between the spouses, the community can be restored only by notarial act passed in the presence of two witnesses and recorded in the parish where the parties are domiciled. Although the separation here was decreed in 1940, it is my view that the passage of this amendment to the Civil Code in 1944, had the effect of bringing the separation of property in this case under its terms. According to the petition the transfer of mineral interests to Lawrence by the plaintiff took place on September 24, 1945. Having such separate interest, it would appear that she could deal with it, at least as to third persons, such as Lawrence, thus strengthening the view that her interest and that of Lawrence are identical and adverse to that of her husband.

In the view which has been taken of the case, it is unnecessary to consider the other issues such as the plea of prescription, incapacity to sue, failure to include all the property, etc.

For the reasons assigned the motion to dismiss should be sustained.